J-S73006-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| EMRU KEBEDE, | |
| Appellant | No. 1228 MDA 2014 |

Appeal from the PCRA Order June 27, 2014
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0003556-2007

BEFORE:  BOWES, WECHT, and MUSMANNO, JJ.

MEMORANDUM BY BOWES, J.:                   **FILED DECEMBER 04, 2014**

Emru Kebede appeals from the June 27, 2014 order denying him PCRA relief.  Counsel has filed a petition to withdraw.  We grant that petition and affirm.

On May 2, 2007, Appellant, who was sixteen years old, met with Abraham Sanchez, Lorenzo Schrijver, and Robert Michael Baker at the home of Baker's fiancée, Susan Bass.  The four friends had a firearm and decided to either commit a burglary or break into a car in order to obtain money for a marijuana-selling enterprise.

The four cohorts drove around to scout for a suitable location when Schrijver spied a house located in an isolated area and an elderly man, Ray Diener, seated alone inside.  After parking the car, Schrijver approached the house and rang the doorbell while Appellant, Baker, and Sanchez hid.

When Mr. Diener answered the door, Schrijver asked to use the telephone and told the victim that his car was broken down. Mr. Diener returned inside his house to retrieve his cellular telephone. Schrijver handed the gun to Sanchez and prepared to attack the victim.

When the victim returned, Schrijver took the phone while Sanchez revealed himself, pointed the gun at Mr. Diener, and told him to lie down. The victim grabbed the gun and screamed. While the victim and Sanchez wrestled for the weapon, it discharged and a bullet hit the victim in the hip. Mr. Diener fell and began to cry and plead for help. Appellant and Baker fled toward the car. Schrijver stayed behind and told Sanchez to shoot the man again; Sanchez complied.

By that time, the victim's wife, Barbara, had awakened due to her husband's screams and came outside. She saw her husband on the ground and then ran inside her home, locked the doors, called the police, and reported that two men were attempting to enter her home. After Sanchez shot the victim a third time, the four men left the scene in their car.

On September 10, 2010, Appellant was found guilty of second-degree murder, and he subsequently was sentenced to the applicable mandatory sentence of life imprisonment without parole. On direct appeal, we affirmed, and our Supreme Court denied allowance of appeal. *Commonwealth v. Kebede*, 23 A.3d 1080 (Pa.Super. 2011) (unpublished memorandum), *appeal denied*, 27 A.3d 1015 (Pa. 2011).

- 2 -

Appellant filed a timely *pro se* PCRA petition, counsel was appointed and filed an amended petition. Therein, Appellant raised one position: that his sentence of life imprisonment without parole was unconstitutional under ***Miller v. Alabama***, 132 S.Ct. 2455 (2012) (mandatory sentence of life imprisonment without parole constitutes cruel and unusual punishment if homicide offender is a minor when crime occurred). Appellant maintained that ***Miller*** applied retroactively. This appeal followed the denial of PCRA relief.

Initially, we note that appellate counsel has petitioned this Court to withdraw pursuant to the mandates of ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). These cases govern the procedure for withdrawal of court-appointed counsel for purposes of post-conviction proceedings. "Independent review of the record by competent counsel is required before withdrawal is permitted" in the PCRA setting. ***Commonwealth v. Widgins***, 29 A.3d 816, 817 (Pa.Super. 2011) (quoting ***Commonwealth v. Pitts***, 981 A.2d 875, 876 n.1 (Pa. 2009)). That independent review requires:

> 1) A "no-merit" letter by PCRA counsel detailing the nature and extent of his review;
>
> 2) The "no-merit" letter by PCRA counsel listing each issue the petitioner wished to have reviewed;
>
> 3) The PCRA counsel's "explanation", in the "no-merit" letter, of why the petitioner's issues were meritless;

4) The . . . court conducting its own independent review of the record; and

5) The . . . court agreeing with counsel that the petition was meritless.

**Widgins**, **supra** at 818 (quoting **Pitts**, **supra** at 876 n.1). In addition,

In **Commonwealth v. Friend**, 896 A.2d 607 (Pa.Super. 2006), [abrogated on other grounds by **Pitts**, **supra**.] this Court had imposed an additional requirement for counsel seeking to withdraw in collateral proceedings:

. . . .[W]e here announce a further prerequisite which must hereafter attend an application by counsel to withdraw from representing a PCRA petitioner, namely, **that PCRA counsel who seeks to withdraw must contemporaneously serve a copy on the petitioner of counsel's application to withdraw as counsel, and must supply to the petitioner both a copy of the "no-merit" letter and a statement advising the petitioner that, in the event that the court grants the application of counsel to withdraw, he or she has the right to proceed** *pro se* **or with the assistance of privately retained counsel.**

**Id**. at 614 (emphasis in original).

**Widgins**, **supra** at 818. This additional requirement, which has not been abrogated by our Supreme Court, is still applied by the Superior Court. **Id**.; **see also Commonwealth v. Rykard**, 55 A.3d 1177 (Pa.Super. 2012).

In the present case, counsel has filed a brief and a petition to withdraw. In his petition to withdraw, counsel outlines that he carefully reviewed the record, researched all issues, and concluded that there are no meritorious questions to present on appeal. The filed brief, which is labeled as a **Turner/Friend** statement, constitutes a no-merit letter, sets forth the issue

Appellant wants to assert, and establishes the lack of merit of that issue. Attached to the brief is a copy of a letter that counsel sent to Appellant. That letter details that counsel sent Appellant a copy of the brief, told Appellant that counsel was seeking to withdraw, and advised Appellant that he had the right to represent himself and proceed *pro se* or to hire a lawyer. Hence, counsel has satisfied the mandates applicable to him.

We now examine the issue raised on appeal: "Whether the post-conviction court erred when it denied relief on Appellant's claim that the mandatory sentence of life imprisonment without parole was imposed illegally?" Appellant's brief at 2. Before reaching its merits, we outline the applicable standard of appellate review:

> On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." *Commonwealth v. Edmiston*, 65 A.3d 339, 345 (Pa. 2013). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level." *Commonwealth v. Koehler*, 614 Pa. 159, 36 A.3d 121, 131 (2012). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court." *Commonwealth v. Spotz*, 610 Pa. 17, 18 A.3d 244, 259 (2011). "However, this Court applies a *de novo* standard of review to the PCRA court's legal conclusions." *Id.*

*Commonwealth v. Medina*, 92 A.3d 1210, 1214-15 (Pa.Super. 2014).

In the present case, Appellant was a juvenile when he committed the crime in question and was subject to a mandatory sentence of life imprisonment without parole. As noted, *Miller* prohibits the imposition of

such a sentence on a juvenile homicide offender. However, as counsel points out in his brief, *Miller* has been denied retroactive application, and hence, that decision does not apply to a juvenile PCRA petitioner. *Commonwealth v. Cunningham*, 81 A.3d 1 (Pa. 2013). Thus, Appellant cannot obtain relief under *Miller*.

We have conducted an independent review of the record and agree that there are no meritorious issues that can be raised in this appeal. Hence, we affirm.

Petition of R. Russell Pugh, Esquire, to withdraw is granted. Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/4/2014