J-S43018-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| THOMAS C. O'NEAL | |
| Appellant | No. 2509 EDA 2014 |

Appeal from the PCRA Order August 4, 2014
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0002789-1994

BEFORE:  GANTMAN, P.J., PANELLA, J., and OLSON, J.

MEMORANDUM BY PANELLA, J.                    **FILED AUGUST 18, 2015**

Appellant, Thomas C. O'Neal, appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA") as untimely. In addition, O'Neal's court-appointed counsel, Henry DiBenedetto Forrest, Esquire, has filed an application to withdraw his appearance pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988).  After careful review, we grant Attorney Forrest's application to withdraw and affirm the order dismissing O'Neal's petition as untimely.

After pleading guilty to a charge of murder in the first degree, O'Neal was sentenced to life in prison on July 19, 1995.  O'Neal was 17 years old at the time of the offense.  Over the next 15 years, O'Neal filed several unsuccessful PCRA petitions.  This appeal concerns O'Neal's fourth and fifth

PCRA petitions, filed on August 21, 2012, and April 29, 2013,[1] alleging that he is entitled to relief pursuant to **Miller v. Alabama**, 132 S.Ct. 2455 (2012).

We begin by addressing Attorney Forrest's petition to withdraw. Our Supreme Court has summarized the procedure for withdrawal of court-appointed counsel in collateral attacks on criminal convictions as follows.

> Independent review of the record by competent counsel is required before withdrawal is permitted. Such independent review requires proof of:
>
> 1) A "no-merit" letter by PCRA counsel detailing the nature and extent of his [or her] review;
>
> 2) A "no-merit" letter by PCRA counsel listing each issue the petitioner wished to have reviewed;
>
> 3) The PCRA counsel's "explanation", in the "no-merit" letter, of why the petitioner's issues were meritless;
>
> 4) The PCRA court conducting its own independent review of the record; and
>
> 5) The PCRA court agreeing with counsel that the petition was meritless.

---

[1] O'Neal's fifth petition was filed *pro se* while the PCRA court was considering his fourth petition, but was subsequently amended by prior counsel to merely provide a more detailed argument under **Miller**. It appears that the PCRA court treated the amended fifth petition as an amendment to the fourth petition. As the Commonwealth has not objected, and given our resolution of the only issue raised in the fourth and amended fifth petitions, we need not address the propriety of this procedure. (In actuality, the *pro se* filing is nothing more than an *unauthorized* supplemental petition. **See Commonwealth v. Reid**, 99 A.3d 427, 437 (Pa. 2014).)

*Commonwealth v. Pitts*, 981 A.2d 875, 876 n.1 (Pa. 2009) (citations omitted). Additionally, this Court has added a requirement

> that PCRA counsel who seeks to withdraw must contemporaneously serve a copy on the petitioner of counsel's application to withdraw as counsel, and must supply to the petitioner both a copy of the "no-merit" letter and a statement advising the petitioner that, in the event that the court grants the application of counsel to withdraw, he or she has the right to proceed pro se or with the assistance of privately retained counsel.

*Commonwealth v. Widgins*, 29 A.3d 816, 818 (Pa. Super. 2011) (emphasis omitted; citation omitted). Counsel in this case has complied with the mandates of *Turner* and *Finley*, as summarized in *Pitts*, as well as complying with the mandate of *Widgins*. Thus, we must determine whether we agree with counsel's assessment of O'Neal's claim.

Our Supreme Court has held that the right announced in *Miller* does not apply retroactively. *See Commonwealth v. Cunningham*, 81 A.3d 1, 10 (Pa. 2013). We further note that this Court has held that a petitioner cannot rely on *Miller* or 42 Pa.C.S.A. § 9545(b)(1)(iii) to establish jurisdiction over an untimely PCRA petition. *See Commonwealth v. Seskey*, 86 A.3d 237, 243 (Pa. Super. 2014). Thus, we concur with counsel's assessment that O'Neal's sole issue on appeal is without merit. Attorney Forrest has therefore established grounds for withdrawal.

Our independent review of the record does not reveal any other meritorious issues. As we conclude that O'Neal's issue on appeal does not

- 3 -

have any merit, we grant permission to withdraw and affirm the order of the PCRA court.

Order affirmed.    Permission to withdraw as counsel granted. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/18/2015