J-S50006-15
J-S50007-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MICHAEL BROWN A/K/A LEO REED | |
| Appellant | No. 2662 EDA 2014<br>2663 EDA 2014 |

Appeal from the PCRA Order September 3, 2014
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0007790-2004
CP-09-CR-0000224-2005

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MICHAEL BROWN A/K/A LEO REED | |
| Appellant | No. 2295 EDA 2014 |

Appeal from the PCRA Order June 27, 2014
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0007555-2004

BEFORE: PANELLA, J., MUNDY, J., and JENKINS, J.

MEMORANDUM BY PANELLA, J.                    **FILED SEPTEMBER 30, 2015**

In this consolidated appeal, Appellant Michael Brown appeals from two separate orders denying his petitions pursuant to the Post Conviction Relief Act ("PCRA"). Additionally, Brown's court-appointed attorney in both

appeals, Stuart Wilder, Esq., has filed an application to withdraw his appearance pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988). After careful review, we grant Attorney Wilder's application to withdraw in both appeals and affirm the orders dismissing Brown's PCRA petitions.

The underlying convictions at issue in this appeal arise from two separate trials. After the first, a jury convicted Brown of two counts of robbery. After the second, a jury convicted Brown of multiple crimes of sexual violence. The trial court sentenced Brown in a single proceeding covering all of these convictions, and imposed an aggregate term of incarceration of thirty-four to sixty-eight years of imprisonment. This Court affirmed his judgment of sentence, and Brown's petition for allowance of appeal was denied by the Supreme Court of Pennsylvania on December 20, 2010.

On December 12, 2011, Brown filed a PCRA petition. New counsel was appointed to represent Brown, and amended petitions were filed in February 2013, while evidentiary hearings were held in June 2014. On June 27, 2014, the PCRA court denied Brown's PCRA petition challenging his convictions for crimes of sexual violence, and on September 3, 2014, denied his PCRA petition challenging his convictions for robbery. These timely appeals followed.

In both appeals, Attorney Wilder has requested leave to withdraw his appearance. Our Supreme Court has summarized the procedure for withdrawal of court-appointed counsel in collateral attacks on criminal convictions as follows.

> Independent review of the record by competent counsel is required before withdrawal is permitted. Such independent review requires proof of:
>
> 1) A "no-merit" letter by PCRA counsel detailing the nature and extent of his [or her] review;
>
> 2) A "no-merit" letter by PCRA counsel listing each issue the petitioner wished to have reviewed;
>
> 3) The PCRA counsel's "explanation", in the "no-merit" letter, of why the petitioner's issues were meritless;
>
> 4) The PCRA court conducting its own independent review of the record; and
>
> 5) The PCRA court agreeing with counsel that the petition was meritless.

*Commonwealth v. Pitts*, 981 A.2d 875, 876 n.1 (Pa. 2009) (citations omitted). Additionally, this Court has added a requirement

> that PCRA counsel who seeks to withdraw must contemporaneously serve a copy on the petitioner of counsel's application to withdraw as counsel, and must supply to the petitioner both a copy of the "no-merit" letter and a statement advising the petitioner that, in the event that the court grants the application of counsel to withdraw, he or she has the right to proceed pro se or with the assistance of privately retained counsel.

*Commonwealth v. Widgins*, 29 A.3d 816, 818 (Pa. Super. 2011) (emphasis omitted; citation omitted). Attorney Wilder has complied, in both appeals, with the mandates of *Turner* and *Finley*, as summarized in *Pitts*,

as well as complying with the mandate of **Widgins**. Other than requesting an extension of time to reply, which this Court granted, Brown has not replied to Attorney Wilder's **Finley** letters. Thus, we must determine whether we agree with counsel's assessment of Brown's claims.

"On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." **Commonwealth v. Edmiston**, 65 A.3d 339, 345 (Pa. 2013) (citation omitted), *cert. denied*, **Edmiston v. Pennsylvania**, ___ U.S. ___, 134 S. Ct. 639 (2013). We review the PCRA court's legal conclusions *de novo*. **See Commonwealth v. Spotz**, 18 A.3d 244, 259 (Pa. 2011).

Regarding Brown's convictions for robbery, Attorney Wilder identifies two preserved issues that Brown desires to raise, both of which challenge the effectiveness of trial counsel.

> [T]o prevail on his ineffectiveness allegations, Appellant must demonstrate that the underlying claim is of arguable merit; that no reasonable strategic basis existed for counsel's act or omission; and that counsel's error resulted in prejudice, or, in other words, that there is a reasonable probability that the outcome would have been different.

**Commonwealth v. Gibson**, 951 A.2d 1110, 1120 (Pa. 2008) (citation omitted).

"Arguable merit exists when the factual statements are accurate and could establish cause for relief. Whether the facts rise to the level of arguable merit is a legal determination." **Commonwealth v. Barnett**, ___

- 4 -

A.3d \_\_\_, \_\_\_, 2015 WL 4550107 at \*3 (Pa. Super., filed July 29, 2015) (citation omitted). "In considering whether counsel acted reasonably, we look to whether no competent counsel would have chosen that action or inaction." **Id**. (citation omitted). We also consider whether "the alternative, not chosen, offered a significantly greater potential chance of success." **Id**. (citation omitted).

> [P]rejudice exists where there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. This probability is sufficient when it undermines confidence in the outcome of the proceeding. Counsel is presumed to have rendered constitutionally effective representation.

**Barnett**, *supra* at \*3 (citation omitted).

We begin by noting that Brown was granted the unusual opportunity to act as *pro se* co-counsel to trial counsel, or as he described it, hybrid representation. Pursuant to this hybrid representation, the trial court allowed Brown to question certain witnesses and present arguments himself. "[W]e will not consider any ineffectiveness claims that arise from [a] period of self-representation." **Commonwealth v. Bryant**, 855 A.2d 726, 737 (Pa. 2004) (citations omitted). Furthermore, an appellant may not bootstrap an ineffectiveness claim by claiming counsel failed, at a subsequent point in trial, to correct an error that originally arose during self-representation. **See id**., at 740.

In his first issue, Brown argues that trial counsel was ineffective for failing to move to strike a prospective juror who admitted to frequenting one

of the convenience stores Brown was charged with robbing.[1]  A trial court

may refuse to strike a juror for cause if the court believes that the juror

would be fair and impartial.  *See Commonwealth v. Koehler*, 737 A.2d

225, 238 (Pa. 1999).  Thus, to qualify for PCRA relief, Brown was required to

prove that the trial court would not have found the juror at issue capable of

being fair and impartial.  No juror testified to anything beyond a passing,

casual acquaintance with the witness.  Every juror also testified that his or

her knowledge of the witness would pose no obstacle to being fair and

impartial.  The evidence of record establishes only that the juror(s) in

question had only an attenuated relationship to the witness, and that this

relationship would not hinder his or her duties as a juror.

Furthermore, the witness testified that he could not identify Brown as

the man who committed the robbery.  *See* N.T., Trial, 10/22/07, at 62.

Thus, the jury could have credited everything the witness testified to, and

still acquitted Brown, if it concluded that the circumstantial evidence

implicating Brown was insufficient.

---

[1] In fact, during voir dire, at least two prospective jurors, numbers 18 and 34, testified to frequenting the store that was robbed.  *See* N.T., Voir Dire, 10/22/07, at 10-11.  Later, during trial, two jurors, identified as numbers 1 and 7, testified to being acquainted with the clerk who had been working when the store was robbed.  *See* N.T., Trial, 10/22/07, at 57-58; 99-100.  It is unclear from the record before us whether these were the same two jurors, or whether a total of 4 jurors were involved.  However, in any event, after each instance, the juror in question testified that his or her knowledge would not cause any difficulty to the juror's duty to be a fair and impartial juror.

Brown has presented no evidence that a juror was biased or partial, and therefore, we conclude that the PCRA court did not err in concluding that Brown had failed to meet his burden of establishing that the trial court would have removed the juror(s) in question. Therefore, Brown did not establish actual merit to his claim of ineffectiveness of counsel, and we agree with Attorney Wilder that this issue merits no relief.

In his second identified issue, Attorney Wilder notes that Brown desires to argue that trial counsel was ineffective in failing to object to hearsay statements made by the investigating officer at trial. Specifically, Brown contends that trial counsel should have objected to testimony regarding a description of the robber given to the investigator shortly after the robbery occurred. As noted previously, however, Brown cannot successfully allege his own ineffectiveness. Since Brown, and not trial counsel, performed the cross-examination of the investigator, he was also responsible for objecting to any testimony elicited by the Commonwealth during re-direct. *See* N.T., Trial, 10/18/07, at 45 (the trial court explaining to Brown that he would be solely responsible for any witness he questioned, and trial counsel would be solely responsible for any witness he questioned). We therefore agree with Attorney Wilder that this claim has no merit.[2]

_____

[2] In any event, the PCRA court found that while the statement was indeed hearsay, it was admissible evidence since Brown had opened the door to the testimony during his cross-examination of the investigator. We agree.
*(Footnote Continued Next Page)*

Turning to Brown's PCRA petition challenging his convictions for crimes of sexual violence, Brown raises three claims, all based upon assertions of ineffectiveness of trial counsel. In the first claim identified by Attorney Wilder, Brown claims that trial counsel was ineffective for failing to obtain DNA testing of the victim's underwear. We conclude that Brown has failed to establish that this failure to test the underwear prejudiced Brown. If the underwear had been tested, one of three results would have ensued. First, it is possible that the results would have been inconclusive, as they were the first time the underwear was tested.[3] In the alternative, it is possible that the testing would have revealed DNA matching Brown's on the underwear. The final possibility is that DNA not matching Brown's would be found.

If the test returned inconclusive results, Brown would have been in the exact same position he was in without the testing. In the alternative, if the test returned a result matching Brown's DNA, we cannot discern how such

_(Footnote Continued)_ ────────────

"[W]hen a party raises an issue on cross-examination, it will be no abuse of discretion for the court to permit re-direct on that issue in order to dispel any unfair inferences." **Commonwealth v. Fransen**, 42 A.3d 1100, 1117 (Pa. Super. 2012) (citation omitted). Here, during his cross-examination of the investigator, Brown opened the door to the hearsay statements by inquiring about the details of the information given to him by the clerk. **See** N.T., Trial, 10/22/07, at 85.

[3] The underwear had been tested for DNA by the Commonwealth previously, resulting in a conclusion that no semen was found on the underwear to test. **See** N.T., PCRA Hearing, 6/23/14 at 43. The analyst who performed the test died prior to trial. As a result, the Commonwealth had the victim's coat, pants, and rectal smear, but not the underwear, re-tested for use at trial.

evidence would have had exculpatory value to Brown.[4]   Only in the third scenario could the test results have held exculpatory value.

It is undisputed that the underwear was only tested the first time. Therefore, the best evidence of what results would have been generated from a re-test is the result from the initial test:  no semen was present.  As such, Brown has failed to meet his burden to prove that he suffered prejudice from the lack of a re-test of the underwear.   We agree with Attorney Wilder that this issue has no merit.

In his next asserted claim, Brown contends that trial counsel was ineffective for stipulating to the chain of custody of the garments subjected to DNA testing.  Specifically, Brown argues that the stipulation prevented him from arguing that his DNA was not found on the victim's underwear. This claim has no merit, as the stipulations at issue do not explicitly or implicitly concern the DNA testing results.  Rather, the stipulations merely provide for the chain of custody of the garments.   Brown provides no argument or evidence that the stipulations are fraudulent or misleading. Therefore, Brown has failed to meet his burden in establishing arguable merit or prejudice, and this issue has no merit.

_____

[4] Since Brown had alleged that he had engaged in prior consensual sexual relations with the victim, the presence of his DNA on the underwear would not necessarily have been inculpatory, but it is difficult to imagine an argument that it would have been exculpatory.

The final issue identified by Attorney Wilder is whether trial counsel was ineffective for failing to object to an instruction given by the trial court to the jury. Specifically, in response to a question from the jury, the trial court instructed the jury that "the only items tested were the pants, the jacket, and the rectal swabbings. The underwear was not tested." N.T., Trial, 12/3/07, at 148. Brown contends that this instruction was erroneous.

In essence, Brown has seized upon an ambiguity in the term "tested." The Commonwealth and the PCRA court conclude that the term refers only to DNA testing, and there is no dispute that no sample from the underwear was ever subjected to DNA testing. In contrast, Brown concludes that "tested" refers to the examination of the underwear to determine if semen was present. The answer as to whether the underwear was "tested" in this sense is also undisputed; it was.

In any event, Brown cannot prevail on this claim. Brown represented himself during closing argument. *See* N.T., Trial, 12/3/07, at 10-69. Furthermore, despite having presented argument on the issue just seconds before, Brown did not object to the trial court's proposed instruction. *See id*., at 147. As a result, we conclude that Brown was representing himself at the time, and his failure to object cannot form the basis of a claim of trial counsel's ineffectiveness. Thus, we agree with Attorney Wilder that there is no merit to Brown's final issue.

As a result, we concur with Attorney Wilder's conclusion that Brown's appeals are wholly without merit. Our independent review of the record furthermore reveals no other issues of arguable merit. We therefore grant Attorney Wilder's applications to withdraw, and affirm both orders denying PCRA relief.

Orders affirmed. Applications for withdrawal of appearance granted. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/30/2015