J-S69035-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SCHNEIDER CHINE, | |
| Appellant | No. 534 EDA 2015 |

Appeal from the PCRA Order of February 27, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0000096-2009

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., AND OLSON, J.

MEMORANDUM BY OLSON, J.:                    **FILED DECEMBER 29, 2015**

Appellant, Schneider Chine, appeals from the order entered on February 27, 2015 in the Criminal Division of the Court of Common Pleas of Philadelphia County that dismissed Appellant's petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  In addition, counsel has filed a petition to withdraw from further representation and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967).[1]  Upon

---

[1] Counsel filed a brief pursuant to **Anders**, apparently in the mistaken belief that an **Anders** brief is required where counsel seeks to withdraw on appeal from the denial of PCRA relief. A **Turner/Finley** no-merit letter, however, is the appropriate filing. **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  However, because an **Anders** brief provides greater protection to a defendant, this Court may accept an **Anders** brief in lieu of a **Turner/Finley**

*(Footnote Continued Next Page)*

review, we grant counsel's petition to withdraw and affirm the dismissal of

Appellant's PCRA petition.

The PCRA court summarized the facts as follows:

On October 28, 2008, [Appellant] shot the victim, Jaleel Thomas, two times in the back of the head.[2] Shortly before the fatal shooting, the victim's brother, Shawn Thomas, received a call from a friend, Jude Lundi, indicating that he had been robbed by a friend of Jaleel and Shawn Thomas. The victim and his brother then went to Jude's house on 2nd and Albanus in an effort to resolve the situation. Upon arrival, Shawn and Jaleel Thomas saw Jude Lundi, Javon Gateward (AKA Rackles), and [Appellant] (AKA S-Dot), outside of Jude's house on 2nd and Albanus. The five men began talking and Shawn Thomas explained that he knew the suspected perpetrator of the robbery, but that he did not intend to tell Jude, Rackles, or [Appellant] where they could find the robber. At this point, [Appellant] became angry with Shawn Thomas and his brother, the victim herein, because they would not summon the robber or tell the men where he could be located.

Shawn Thomas and [Appellant] then got into a verbal argument during which Shawn Thomas challenged [Appellant to] a fight. No fight ensued because the victim calmed his brother down and told him to "chill." Shawn Thomas then asked his brother for the keys to the car, but [Appellant] said, "Fuck that." And pulled a black revolver from somewhere under his clothing. Shawn Thomas then tapped his brother Jaleel, who had his back to [Appellant] and did not see that [Appellant] had pulled out a gun, after which he began to run from [Appellant]. As Shawn ran, he heard one gun shot, followed by a brief pause, and then two more shots. Although one shot missed, two of them stuck the victim in the back of his head, killing him.

_(Footnote Continued)_ ───────────────

no-merit letter. ***Commonwealth v. Widgins***, 29 A.3d 816, 817 (Pa. Super. 2011).

[2] The victim was also referred to as having the last name "Loving."

Shawn Thomas ran across the street in the direction of 3rd Street to hide behind a car. Within seconds, Shawn poked his head out around the car to look for his brother, Jaleel, and saw him lying on the ground. Additionally, Shawn Thomas heard [Appellant] say, "Yeah, pussy, boom, boom." At that point, Shawn rushed back over to his brother as the three men, Jude Lundi, Rackles, and [Appellant] fled the scene in the direction of 2nd Street and eventually got into a vehicle that was driven away. The police then arrived and the victim was taken to Albert Einstein Medical Center, where he was pronounced dead at approximately 8:10 p.m. on October 29, 2008. An autopsy was performed during which the cause of death was deemed to be two gunshot wounds to the back of the head.

[Appellant] was arrested pursuant to an arrest warrant on November 20, 2008. Once in police custody, he agreed to give police a statement. In it, he stated that he thought that when the victim went to retrieve his car keys, he was doing so to give them to his brother, who then was going to retrieve a gun from the brothers' car[. Appellant based this belief on the fact that when Jaleel] asked for the keys, he said he wanted them to get a "burner" (gun). [Appellant], then admitted that he fired three shots at the back of the victim's head; the first missed but the second two hit the victim. [Appellant] testified at trial and repeated that he shot the victim in self-defense.

[Appellant] was found guilty of first-degree murder and possessing instruments of crime, generally, following a jury trial[.] On February 7, 2011, [Appellant] received the mandatory sentence of life imprisonment without parole on the first-degree murder conviction and a concurrent sentence of two and one-half to five years' incarceration on the weapons offense. Following imposition of sentence, [Appellant] filed a post-sentence motion which th[e trial c]ourt denied without a hearing. [Appellant] thereafter filed a [direct] appeal[.]

On February 13, 2012, the Superior Court issued an opinion and order affirming the judgment of sentence. *Commonwealth v. Chine*, 40 A.3d 1239 (Pa. Super. 2012). [Appellant] filed a petition for allowance of appeal, which the Pennsylvania Supreme Court denied on March 12, 2013. *Commonwealth v. Chine*, 63 A.3d 773 (Pa. 2013).

- 3 -

On November 5, 2013, [Appellant] filed a counseled petition pursuant to the PCRA]. Th[e PCRA c]ourt, after carefully reviewing the various filings filed by the parties[,] determined that the claim raised by [Appellant] lacked merit and did not warrant a hearing. On December 9, 2014, th[e PCRA c]ourt [issued] a Pa.R.Crim.P. 907 notice of intent to dismiss. No response was filed and on January 13, 2015, th[e PCRA c]ourt issued an order denying [Appellant] post-conviction collateral relief. Following the dismissal of his PCRA petition, petitioner filed *pro se* a notice of appeal.[3]

PCRA Court Opinion, 3/11/15, at 1-4 (footnotes in original).

On appeal, Appellant's counsel raises a single issue for our review:

WHETHER THERE ARE ANY ISSUES OF ARGUABLE MERIT THAT COULD BE RAISED ON APPEAL PRESENTLY BEFORE THIS COURT AND WHETHER THE APPEAL IS WHOLLY FRIVOLOUS?

*Turner/Finley* Brief at 4.

Prior to reviewing the merits of this appeal, we first decide whether counsel fulfilled the procedural requirements for withdrawing as counsel. *Commonwealth v. Doty*, 48 A.3d 451, 454 (Pa. Super. 2012). As we have explained:

Counsel petitioning to withdraw from PCRA representation must proceed ... under *Turner, supra* and *Finley, supra* and must review the case zealously. *Turner/Finley* counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed,

___

[3] It is noted that PCRA counsel was not relieved as counsel nor did he move to be relieved. *See* Pa.R.Crim.P. 120. Th[e PCRA c]ourt has [] ascertained that [Appellant] does not have sufficient funds to retain counsel and directed that counsel be appointed to represent him [on] appeal.

explaining why and how those issues lack merit, and requesting permission to withdraw.

Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

\* \* \*

Where counsel submits a petition and no-merit letter that ... satisfy the technical demands of **Turner/Finley**, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

*Id.*

Here, counsel satisfied all of the above procedural requirements and Appellant did not respond to counsel's request to withdraw. Thus, having concluded that counsel's petition to withdraw is **Turner/Finley** compliant, we now undertake our own review of the case to consider whether the PCRA court erred in dismissing Appellant's petition.

In reviewing the denial of PCRA relief,

we examine whether the PCRA court's determination is supported by the record and free of legal error. To be entitled to PCRA relief, an appellant must establish, by a preponderance of the evidence, that his conviction or sentence resulted from one or more of the enumerated errors in 42 Pa.C.S.A. § 9543(a)(2); his claims have not been previously litigated or waived, *id.* § 9543(a)(3); and the failure to litigate the issue prior to or during trial or on direct appeal could not have been the result of any rational, strategic, or tactical decision by counsel. **Id.** § 9543(a)(4).

***Commonwealth v. Montalvo***, 2015 WL 1888580, at *7 (Pa. 2015) (quotations, ellipsis and some citations omitted).

We carefully reviewed the certified record, the appellate submissions of the parties, and the opinion of the PCRA court. Based upon our review, we are satisfied that the PCRA court correctly determined that there is no merit to the sole issue discussed by counsel for Appellant. As the PCRA court adequately and accurately addressed this claim, we adopt the PCRA court's reasons as our own. We are also convinced by our independent review of the record that there are no other issues of arguable merit in this case. Hence, we grant counsel's petition to withdraw and affirm the order of the PCRA court.

Order affirmed. Counsel's petition to withdraw granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/29/2015</u>