J-S76006-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ERNESTO LEON | |
| Appellant | No. 1498 EDA 2016 |

Appeal from the PCRA Order Entered April 12, 2016
In the Court of Common Pleas of Northampton County
Criminal Division at No: CP-48-CR-0001771-2010

BEFORE: STABILE, DUBOW, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.: **FILED DECEMBER 22, 2016**

Appellant, Ernesto Leon, appeals from the April 12, 2016 order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§9541-46. Counsel has filed a no merit letter and petition to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 213 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). We affirm the order and grant the petition to withdraw.

On December 22, 2010, the trial court sentenced Appellant to 5 to 10 years of incarceration for possession with intent to deliver a controlled

_____

[*] Former Justice specially assigned to the Superior Court.

substance[1] after Appellant pled guilty to that offense. Appellant filed a motion to withdraw his guilty plea on December 29, 2010, and the trial court denied that motion on January 18, 2011. Appellant did not file a direct appeal.

On March 21, 2011, Appellant filed a timely first PCRA petition. On October 18, 2011, the PCRA court denied relief without a hearing. Appellant filed the instant petition on November 20, 2014. On February 19, 2015, appointed counsel filed a petition and no merit letter pursuant to *Turner*/*Finley*. On March 9, 2015, the PCRA court entered an order dismissing Appellant's petition and permitting counsel to withdraw. Appellant filed a *pro se* appeal, and the PCRA court appointed appellate counsel, notwithstanding its prior order permitting counsel to withdraw. Appointed appellate counsel has proceeded under *Turner*/*Finley* before this Court.

*Turner*/*Finley* procedure requires the following:

>   1) A "no-merit" letter by PC[R]A counsel detailing the nature and extent of his review;
>
>   2) The "no-merit" letter by PC[R]A counsel listing each issue the petitioner wished to have reviewed;
>
>   3) The PC[R]A counsel's "explanation", in the "no-merit" letter, of why the petitioner's issues were meritless;

---

[1] 35 P.S. § 780-113(a)(30).

- 2 -

4) The PC[R]A court conducting its own independent review of the record; and

5) The PC[R]A court agreeing with counsel that the petition was meritless.

*Commonwealth v. Widgins*, 29 A.3d 816, 818 (Pa. Super. 2011) (quoting *Commonwealth v. Pitts*, 981 A.2d 875, 876 n.1 (Pa. 2009)). Counsel's petition and no merit letter comply with the foregoing, and counsel has served copies of his fillings on Appellant. We therefore proceed with our independent review of the record.

The PCRA required Appellant to file his petition within one year after his judgment of sentence became final. 42 Pa.C.S.A. § 9545(b)(1). Failure to meet the one-year deadline deprives the PCRA court of jurisdiction. *Commonwealth v. Valentine*, 948 A.2d 346, 349 (Pa. Super. 2007). As explained above, the trial court imposed sentence on Appellant on December 22, 2010, and Appellant did not file a direct appeal. His judgment of sentence was final 30 days later. Appellant filed the instant petition on November 20, 2014, nearly four years after the finality of his judgment of sentence.

According to the no merit letter, Appellant would argue that his sentence is illegal under *Alleyne v. United States*, 131 S.Ct. 2151 (2013). The PCRA provides an exception to the one-year time bar where the petition is based on a newly recognized constitutional right. 42 Pa.C.S.A. § 9545(b)(1)(iii). *Alleyne* held that any fact, other than a prior conviction,

resulting in a mandatory minimum sentence must be proven to a jury beyond a reasonable doubt in accordance with the Sixth Amendment to the United States Constitution. *Alleyne*, 131 S.Ct. at 2153. Our Supreme Court has held that *Alleyne* applies only to cases pending on direct appeal as of June 17, 2013, the date of the *Alleyne* decision. *Commonwealth v. Washington*, 142 A.3d 810, 820 (Pa. 2016). Appellant's judgment of sentence was final before the United States Supreme Court handed down *Alleyne* and therefore *Alleyne* does not apply to his case.

Given the untimeliness of Appellant's PCRA petition, we affirm the PCRA court's order and grant counsel's petition to withdraw.

Order affirmed. Petition to withdraw granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/22/2016