J-S02022-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HOWARD MILLER | |
| Appellant | No. 1609 EDA 2016 |

Appeal from the PCRA Order Dated April 28, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0904411-2004

BEFORE:  FORD ELLIOTT, P.J.E., STABILE, and MOULTON, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED MARCH 23, 2017**

Appellant Howard Miller appeals from the April 28, 2016 order of the Court of Common Pleas of Philadelphia County ("PCRA court"), which dismissed as untimely his second petition for collateral relief under the Post Conviction Relief Act (the "Act"), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

The facts and procedural history of this case are uncontested.  Briefly, in April 2005, Appellant was found guilty of robbery of a motor vehicle, 18 Pa.C.S.A. § 3702, and possessing an instrument of crime, 18 Pa.C.S.A. § 907.  In September of the same year, he was sentenced to 10 to 20 years of imprisonment.  This Court affirmed Appellant's judgment of sentence on September 12, 2007.  ***Commonwealth v. Miller***, 938 A.2d 1117 (Pa. Super. 2007) (unpublished memorandum).  Appellant thereafter filed his

first PCRA petition, which the PCRA court dismissed. We affirmed. *Commonwealth v. Miller*, 986 A2d. 1260 (Pa. Super. 2009) (unpublished memorandum).

On August 14, 2014, approximately five years after our affirmance of his first PCRA petition, Appellant *pro se* filed the instant PCRA petition, followed by two supplemental PCRA petitions. On June 2, 2015, his privately-retained counsel filed an amended petition, raising an *Alleyne*[1] challenge. On April 28, 2016, following a Pa.R.Crim.P. 907 notice, the PCRA court dismissed as untimely Appellant's second PCRA petition. Appellant timely appealed to this Court.

On appeal,[2] Appellant raises two issues for our review:

   I.   Whether the [PCRA court] erred in denying [Appellant's] PCRA petition due to the change in the law as announced in [*Commonwealth v.*] *Hopkins*, [117 A.3d 247 (Pa. 2015)[3]] and whether the [c]ourt should have applied the decision in [*Hopkins*] or acted otherwise to affirm [Appellant's] newly stated constitutional right to have all

_____

[1] *Alleyne v. United States*, 133 S. Ct. 2151, 2161-63 (2013) (holding that any fact other than a prior conviction that triggers a mandatory minimum sentence must be found by a jury beyond a reasonable doubt).

[2] "On appeal from the denial of PCRA relief, our standard of review requires us to determine whether the ruling of the PCRA court is supported by the record and free of legal error." *Commonwealth v. Widgins*, 29 A.3d 816, 819 (Pa. Super. 2011).

[3] In *Hopkins*, our Supreme Court held that 18 Pa.C.S.A. § 6317 which imposed a mandatory minimum sentence for a drug sale or PWID within 1,000 feet of a school was unconstitutional in its entirety, as certain provisions of the statute do not adhere to *Alleyne*'s rule and are not severable from the remaining portions of the statute. *Hopkins*, 117 A.3d at 249.

factors which would increase his sentence, including second strike, proven beyond a reasonable doubt at trial[?]

II. Whether the [f]ederal [c]ourt's actions in similar cases have created a precedent that the state courts should follow, allowing retroactive application of this type of constitutional issue, or whether retroactive application was necessary when [Appellant] had a timely post-conviction petition pending at the time of the [*Hopkins*] decision[?]

Appellant's Brief at 8.[4]

Put differently, Appellant argues that *Hopkins* announced a new rule that renders timely the PCRA petition in question and, as a result, the PCRA court had jurisdiction to entertain it. Even if Appellant were correct, our timeliness analysis would not terminate here. Indeed, he would need to establish that the new rule announced in *Hopkins* applies retroactively.

As a threshold matter, we must determine whether the court erred in dismissing as untimely Appellant's PCRA petition. The PCRA contains the following restrictions governing the timeliness of any PCRA petition.

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

_____

[4] Appellant does not contest that the instant PCRA petition was filed more than sixty days of the decision in *Alleyne*, which was issued on June 17, 2013.

- 3 -

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section **_and_** has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

42 Pa.C.S.A. § 9545(b) (emphasis added). Section 9545's timeliness provisions are jurisdictional. **_Commonwealth v. Ali_**, 86 A.3d 173, 177 (Pa. 2014). Additionally, we have emphasized repeatedly that "the PCRA confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act." **_Commonwealth v. Robinson_**, 837 A.2d 1157, 1161 (Pa. 2003) (citations omitted).

Here, it is undisputed that Appellant's instant PCRA petition, his second, is untimely. As noted, we affirmed the dismissal of Appellant's first PCRA petition in 2009 and the instant petition was not filed until August 14, 2014, approximately five years later. Thus, Appellant's instant PCRA petition is facially untimely.

The one-year time limitation, however, can be overcome if a petitioner alleges and proves one of the three exceptions set forth in Section

9545(b)(1)(i)-(iii) of the PCRA. Appellant here argues that the instant petition is timely under **Hopkins** because, **Hopkins**,[5] according to him, announced a new constitutional right.

As we recently explained in **Commonwealth v. Whitehawk**, 146 A.3d 266 (Pa. Super. 2016):

> [T]he **Hopkins** decision did not announce a "new rule," but rather simply assessed the validity of Section 6317 under **Alleyne** and concluded that particular mandatory minimum sentencing statute was unconstitutional. Furthermore, even if **Hopkins** had announced a new rule, neither our Supreme Court nor the United States Supreme Court has held that **Hopkins** applies retroactively to post-conviction petitioners such as Appellant. Consequently, to the extent Appellant attempts to rely on **Hopkins**, he has not satisfied the timeliness exception of Section 9545(b)(1).
>
> Finally, assuming that **Alleyne** announced a new constitutional right, neither our Supreme Court nor the United States Supreme Court has held that **Alleyne** is to be applied retroactively to cases in which the judgment of sentence had become final, and this Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or the Pennsylvania Supreme Court specifically holds it to be retroactively applicable to those cases. **Commonwealth v. Phillips**, 31 A.3d 317, 320 (Pa. Super. 2011), **appeal denied**, 42 A.3d 1059 (Pa. 2012). To the contrary, our Supreme Court recently filed an opinion in **Commonwealth v. Washington**, 142 A.3d 810 (Pa. 2016) wherein it addressed the retroactive effect of **Alleyne** and held "that **Alleyne** does not apply retroactively to cases pending on collateral review. . . ." **Washington**, 142 A.3d at 820.
>
> [The **Washington** Court reasoned:
>
> A] new rule of law does not automatically render final, pre-existing sentences illegal. A finding of illegality, concerning such sentences, may be premised on such a rule only to the degree that the new rule applies retrospectively. In other words, if the rule simply does not pertain to a particular conviction or

---

[5] **Hopkins** was issued on June 15, 2015 during the pendency of Appellant's instant PCRA challenge.

sentence, it cannot operate to render that conviction or sentence illegal.

. . . .

[N]ew constitutional procedural rules generally pertain to future cases and matters that are pending on direct review at the time of the rule's announcement.

*Id.* at 814-15.]

***Whitehawk***, 146 A.3d at 271.

Based on the foregoing reasons and consistent with ***Whitehawk***, we conclude that the PCRA court did not err in dismissing as untimely his PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/23/2017