COMMONWEALTH of Pennsylvania,
Appellee

v.

Lionel WIDGINS, Appellant.

Superior Court of Pennsylvania.

Submitted June 13, 2011.

Filed Sept. 29, 2011.

Lionel Widgins, appellant, pro se.

Hugh J. Burns, Jr., Assistant District Attorney, Philadelphia, for Commonwealth.

BEFORE: MUSMANNO, DONOHUE and COLVILLE *, JJ.

OPINION BY MUSMANNO, J.:

 Lionel Widgins ("Widgins") appeals from the Order denying his Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] Widgins's counsel has filed an Application to withdraw from representation and an *"Anders* Brief."[2] We affirm.

The PCRA court summarized the history underlying the instant appeal as follows:

* Retired Senior Judge assigned to the Superior Court.

1. 42 Pa.C.S.A. §§ 9541–9546.

2. Counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), apparently in the mistaken belief that an *Anders* brief is required where counsel seeks to withdraw on appeal from the denial of PCRA relief. A *Turner/Fin-*

On April 4, 2007, following a non-jury trial, [Widgins] was convicted of possessing a controlled substance with intent to deliver. [*See* 35 P.S. § 780–113(a)(30).] On September 19, 2007, [Widgins] was sentenced to five (5) to ten (10) years [of] incarceration. [Widgins] filed a timely [PCRA P]etition on November 19, 2007. Appointed counsel for [Widgins] filed an [A]mended [P]etition on May 12, 2009. Following a video evidentiary hearing on August 12, 2009, the court dismissed [Widgins's] PCRA [P]etition requesting [the] reinstatement of [his] appellate rights *nunc pro tunc.* On September 11, 2009, the instant appeal was filed to the Superior Court of Pennsylvania. On July 28, 2010, counsel for [Widgins] submitted a statement of intent to file an *Anders/McClendon* brief in lieu of a concise statement of matters complained of on appeal.

PCRA Court Opinion, 8/13/10, at 1 (unnumbered) (footnote omitted).

 As set forth above, counsel has filed in this Court an Application to withdraw and an appellate brief. In *Commonwealth v. Pitts*, 603 Pa. 1, 981 A.2d 875 (2009), our Pennsylvania Supreme Court stated that

[i]ndependent review of the record by competent counsel is required before withdrawal is permitted. *Turner*, at 928 (citing *Pennsylvania v. Finley*, 481 U.S. 551, 558, 107 S.Ct. 1990, 95 L.Ed.2d 539

*ley* no-merit letter, however, is the appropriate filing. *See Commonwealth v. Turner,* 518 Pa. 491, 544 A.2d 927 (1988); *Commonwealth v. Finley,* 379 Pa.Super. 390, 550 A.2d 213 (1988) (*en banc*). Because an *Anders* brief provides greater protection to a defendant, this Court may accept an *Anders* brief in lieu of a *Turner/Finley* letter. *Commonwealth v. Fusselman,* 866 A.2d 1109, 1111 n. 3 (Pa.Super.2004).

(1987)). Such independent review requires proof of:

1) A "no-merit" letter by PC[R]A counsel detailing the nature and extent of his review;

2) The "no-merit" letter by PC[R]A counsel listing each issue the petitioner wished to have reviewed;

3) The PC[R]A counsel's "explanation", in the "no-merit" letter, of why the petitioner's issues were meritless;

4) The PC[R]A court conducting its own independent review of the record; and

5) The PC[R]A court agreeing with counsel that the petition was meritless.

*Pitts*, 981 A.2d at 876 n. 1 (quoting *Finley*, 550 A.2d at 215).

In *Commonwealth v. Friend*, 896 A.2d 607 (Pa.Super.2006), this Court had imposed an additional requirement for counsel seeking to withdraw in collateral proceedings:

Consequently, we here announce a further prerequisite which must hereafter attend an application by counsel to withdraw from representing a PCRA petitioner, namely, *that PCRA counsel who seeks to withdraw must contemporaneously serve a copy on the petitioner of counsel's application to withdraw as counsel, and must supply to the petitioner both a copy of the "no-merit" letter and a statement advising the petitioner that, in the event that the court grants the application of counsel to withdraw, he or she has the right to proceed* pro se *or with the assistance of privately retained counsel.*

*Id.* at 614 (emphasis in original).

· In *Pitts*, however, the Pennsylvania Supreme Court overruled *Friend* in part. The Supreme Court had granted allowance of appeal to determine whether, in *Friend,* the Superior Court had erred in creating a new *Turner/Finley* requirement, *sua sponte*, "by finding PCRA counsel's no-merit letter defective for failing to address issues Pitts never raised, and which were not apparent from the record." *Pitts*, 981 A.2d at 878. The Supreme Court ultimately disapproved of this Court's holding in *Friend*, "[t]o the extent *Friend* stands for the proposition that an appellate court may *sua sponte* review the sufficiency of a no-merit letter when the defendant has not raised such issue[.]" *Pitts*, 981 A.2d at 879.

The Supreme Court did not expressly overrule the additional requirement imposed by the *Friend* decision, *i.e.*, that PCRA counsel seeking to withdraw contemporaneously forward to the petitioner a copy of the application to withdraw that includes (i) a copy of both the "no-merit" letter, and (ii) a statement advising the PCRA petitioner that, in the event the trial court grants the application of counsel to withdraw, the petitioner has the right to proceed *pro se,* or with the assistance of privately retained counsel. *Friend*, 896 A.2d at 615; *accord Commonwealth v. Daniels*, 947 A.2d 795, 798 (Pa.Super.2008). In *Pitts,* Mr. Chief Justice Castille recognized in his Concurring Opinion that, because the Superior Court imposed the additional requirement prospectively, "it would not apply to this case, where counsel's *Finley* letter in 2004 pre-dated the *Friend* decision in 2006." *Pitts,* 981 A.2d at 881 (Castille, C.J. concurring). Regardless, Mr. Chief Justice Castille stated, "I would have no actual objection to this Court's adoption of a *Friend*-like modification of *Turner/Finley* that better ensures notice to the defendant *via* documentation provided contemporaneously by counsel." *Id.* at 881. Thus, the additional requirement imposed in *Friend* remains intact. *See Commonwealth v. Taggart,* 997 A.2d 1189, 1201 n. 16 (Pa.Super.2010)

(recognizing that one three-judge panel of this Court cannot overrule another).

■ Upon our review of counsel's Application to withdraw and the appellate brief submitted on Widgins's behalf, we conclude that counsel has substantially complied with the procedural requirements of *Turner* and *Finley,* as restated in *Pitts.* Counsel identified the claim asserted by Widgins, reviewed the merits of that claim and explained why the claim lacks merit.

Finally, complying with the additional requirement imposed in *Friend,* but not overruled in *Pitts,* counsel also represented to this Court that he has advised Widgins that if this Court grants the Petition to withdraw, Widgins may proceed with privately retained counsel or *pro se.* Widgins has not filed any additional documents, *pro se.* Thus, we conclude that counsel has complied with the requirements necessary to withdraw as counsel. *See Commonwealth v. Karanicolas,* 836 A.2d 940, 947 (Pa.Super.2003) (concluding that substantial compliance is sufficient to meet the *Turner/Finley* criteria). We now turn to an independent review of Widgins's PCRA Petition to ascertain whether his claim entitles him to relief.

■ In his Amended PCRA Petition, Widgins claimed that his trial counsel was ineffective for failing to file a requested direct appeal from his judgment of sentence. Amended PCRA Petition at ¶ 7(1), (2). The appellate brief filed on Widgins's behalf argues that the PCRA court "was incorrect in making its determination regarding the credibility of the witnesses." *Anders* Brief at 10.

■ On appeal from the denial of PCRA relief, our standard of review requires us to determine whether the ruling of the PCRA court is supported by the record and free of legal error. *Commonwealth v. Washington,* 592 Pa. 698, 927

A.2d 586, 593–94 (2007). To be eligible for relief based on a claim of ineffective assistance of counsel, a PCRA petitioner must demonstrate by a preponderance of the evidence that (1) the underlying claim is of arguable merit; (2) no reasonable basis existed for counsel's action or omission; and (3) there is a reasonable probability that the result of the proceeding would have been different absent such error. *Commonwealth v. Steele,* 599 Pa. 341, 961 A.2d 786, 796 (2008).

After an evidentiary hearing, the PCRA court determined that Widgins's claim lacks arguable merit:

[Widgins] failed to establish that he requested counsel to file a notice of appeal within the necessary time period. The PCRA court was presented with conflicting accounts of whether an appeal was requested and rejected [Widgins's] testimony on credibility grounds. During the PCRA evidentiary hearing, [Widgins's] prior counsel testified credibly that he didn't receive a request to file an appeal at any point in time. Counsel demonstrated a strong recollection of the sentencing hearing, specifically detailing a conversation between himself, the judge, and [Widgins] pertaining to the favorable sentence he received. Additionally, counsel recalled speaking with [Widgins's] family members over the phone, but not being asked to pursue an appeal.

[Widgins's] testimony[,] on the other hand[,] was unreliable. Although he claimed to have mailed several letters requesting an appeal, [Widgins] did not have any mailing receipts or equivalent confirmation, and counsel has never seen these alleged writings. Furthermore, there was no evidence that either counsel or his office received any correspondence other than the letter sometime around April 2008 requesting [the] notes

of testimony. [Widgins's] acquisition of the notes is consistent with counsel's stated practice of pursuing any post-sentence request he receives.

PCRA Court Opinion, 8/13/10, at 3 (un-numbered).

The PCRA court's credibility determinations are binding on this Court, where the record supports those determinations. *Commonwealth v. Johnson*, 600 Pa. 329, 966 A.2d 523, 539 (2009). As the record supports the PCRA court's credibility determination, we agree with counsel that Widgins's claim lacks merit and the instant appeal is frivolous. Accordingly, we grant counsel's Application to withdraw and affirm the Order of the PCRA court.

Application to withdraw granted; Order affirmed.