J-S46034-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ALBERTO MELLON ROSEMBERT, | : | |
| | : | |
| Appellant | : | No. 2002 MDA 2013 |

Appeal from the PCRA Order entered on October 2, 2013
in the Court of Common Pleas of Luzerne County,
Criminal Division, No. CP-40-CR-0001198-2011

BEFORE: SHOGAN, LAZARUS and MUSMANNO, JJ.

JUDGMENT ORDER BY MUSMANNO, J.: **FILED NOVEMBER 26, 2014**

Alberto Mellon Rosembert ("Rosembert") appeals from the Order denying his first Petition for relief pursuant to the Post Conviction Relief Act ("PCRA"). **See** 42 Pa.C.S.A. §§ 9541-9546.

Initially, Rosembert's counsel, Matthew P. Kelly, Esquire ("Kelly"), filed a Petition to Withdraw as Counsel; however, Kelly filed an inadequate **Turner**/**Finley**[1] brief. This Court denied Kelly's Petition to Withdraw and ordered Kelly to file a proper **Turner**/**Finley** brief and fulfill the additional requirements to withdraw under **Turner**/**Finley**, or file an advocate's brief. **See Commonwealth v. Rosembert**, 2002 MDA 2013 (Pa. Super. filed August 18, 2014) (Judgment Order). Thereafter, Kelly filed a proper

---

[1] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

***Turner/Finley*** brief, but failed to file a new petition to withdraw or demonstrate that he served a copy of a petition to withdraw or the new ***Turner/Finley*** brief to Rosembert. ***See Commonwealth v. Widgins***, 29 A.3d 816, 818 (Pa. Super. 2011) (stating that "PCRA counsel who seeks to withdraw must contemporaneously serve a copy on the petitioner of counsel's application to withdraw as counsel, and must supply to the petitioner [] a copy of the 'no-merit' letter[.]"). Additionally, Kelly has not provided a statement advising Rosembert "that, in the event that the court grants the application of counsel to withdraw, he or she has the right to proceed *pro se* or with the assistance of privately retained counsel." ***Id***.

**We hereby Order** Kelly to either file a proper petition to withdraw that fulfills the requirements of ***Turner/Finley***, or file advocate's brief within thirty (30) days of the date this Order is filed. In the event Kelly files an advocate's brief, the Commonwealth will be permitted thirty (30) days to respond from the filing of the brief. Panel jurisdiction retained.