J-S07044-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KELCEY LEE HANN | |
| Appellant | No. 898 MDA 2014 |

Appeal from the PCRA Order April 28, 2014
In the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0001262-2010

BEFORE:  BENDER, P.J.E., OLSON, J., and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED APRIL 17, 2015**

Kelcey Lee Hann appeals from the order entered April 28, 2014, in the Court of Common Pleas of Franklin County, denying, after a hearing, his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq*.  Hann seeks relief from the December 14, 2011, judgment of sentence of five to ten years' imprisonment, imposed after a jury found him guilty of one count of aggravated assault.[1]  In this appeal, Hann's sole claim is that trial counsel was ineffective for failing to perfect a direct appeal to this Court, as requested.[2]  For the reasons set forth below, we affirm.

---

[1] 18 Pa.C.S. § 2702(a)(1).

[2] Hann preserved this issue by timely complying with the order of the PCRA court to file a statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b).

The PCRA court concisely set forth the background of this case, which we incorporate by reference. *See* PCRA Court Opinion, 4/28/2014, at 1–2.

The principles that guide our review are as follows:

On appeal from the denial of PCRA relief, our standard of review requires us to determine whether the ruling of the PCRA court is supported by the record and free of legal error. ***Commonwealth v. Washington***, 592 Pa. 698, 927 A.2d 586, 593-94 (Pa. 2007). To be eligible for relief based on a claim of ineffective assistance of counsel, a PCRA petitioner must demonstrate by a preponderance of the evidence that (1) the underlying claim is of arguable merit; (2) no reasonable basis existed for counsel's action or omission; and (3) there is a reasonable probability that the result of the proceeding would have been different absent such error. ***Commonwealth v. Steele***, 599 Pa. 341, 961 A.2d 786, 796 (Pa. 2008).

***Commonwealth v. Widgins***, 29 A.3d 816, 819 (Pa. Super. 2011).

It is well settled that the unjustified failure to file a requested direct appeal is ineffective assistance of counsel *per se* and that an appellant need not show that he likely would have succeeded on appeal in order to meet the prejudice prong of the test for ineffectiveness. ***Commonwealth v. Bath***, 907 A.2d 619, 622 (Pa. Super. 2006), *appeal denied,* 918 A.2d 741 (Pa. 2007). However, "[b]efore a court will find ineffectiveness of counsel for failing to file a direct appeal, the defendant must prove that he requested an appeal and that counsel disregarded that request." ***Id.*** (citation omitted).

At the December 27, 2013, PCRA hearing, trial counsel, Karl Rominger, Esquire, who was retained by Hann's mother, testified regarding his discussion of a direct appeal with Hann's family. He stated, "[W]hen we got the denial [of the post sentence motion] … they [Hann's parent's] were

going to decide whether they wanted to pay for the appeal or whether he was going to serve his time, and I indicated to them that they needed to let me know what he wanted to do, and I would act accordingly, and I never heard back from them." N.T., 12/27/2014, at 22. Hann, in his testimony, stated that after sentencing, trial counsel "said that he was going to file motions, and see what happened with that, then he was going to file my appeal." *Id.* at 45. Hann further testified that after the trial court granted his post-sentence motion for bail, trial counsel told him "to go home and spend time with your family and if we get the appeal granted, which means … a new trial, then we'll be talking about the payments …." *Id.* at 48.

The PCRA court found Hann's testimony lacking in credibility, found trial counsel's testimony to be credible, and concluded no relief was due on Hann's claim of ineffectiveness for failure to file a direct appeal. The PCRA Court, in support of its determination, opined:

> In considering [Hann's] credibility we assessed his demeanor, his apparent uncertainty in what he wanted to say, and the overall shaky delivery of his testimony. In the Court's experience it would seem exceptionally unlikely that an attorney that is privately retained for a fee would offer to go through an entire appeal process without requiring any payment or even discussing payment with the client until after an appeal is granted as [Hann] suggests was the case with Attorney Rominger. As such, we do not believe [Hann's] testimony in regards to his conversations with trial counsel.
>
> At the PCRA hearing trial counsel testified that he had spoken with [Hann's] family members immediately after [Hann's] sentencing hearing about the filing of a direct appeal. Attorney Rominger testified that "the family was trying to decide whether they wanted to pay for an appeal or not or whether he

wanted to start serving his time and be done with his sentence." He further testified that he met with [Hann's] family members instead of [Hann] directly because he did not know [Hann] had been released on bail. Attorney Rominger met with [Hann's] family members on a couple of occasions where "[he] indicated to them that they needed to let [him] know what [Hann] wanted to do, and [he] would act accordingly, and [he] never heard back from them." Moreover, Attorney Rominger testified that [Hann's] fee agreement did not include the cost of an appeal, as is the regular practice at his firm. He testified, "[w]e make that very clear that you are hiring us for either a resolution short of jury trial or a jury trial, and either one would include sentencing." Attorney Rominger uses a separate fee agreement for post-trial matters including appeals. He indicated that he told [Hann's] family that he would charge about $2000 to file an appeal and such fee was never paid, as admitted to in [Hann's] own testimony.

Upon review of the record and consideration of the testimony taken at the PCRA hearing we make the following findings of fact. [Hann] retained Attorney Rominger throughout his trial as a private attorney meaning his representation as counsel was based on fee agreements. This is not the case where trial counsel was appointed and it is expected that appointed counsel continue representation after sentencing. The original fee agreement was for representation throughout trial and did not include representation on appeal, as is the regular practice of Attorney Rominger's firm. Furthermore, from the outset of his representation[,] Attorney Rominger had communicated with [Hann's] family in regards to Attorney Rominger's representation of [Hann]. [Hann] even testified that his mother was the one who hired Attorney Rominger. Attorney Rominger met with [Hann's] family on multiple occasions, advised them that the cost of an appeal would be about $2000 and that they needed to inform him as to whether they wanted to proceed with an appeal. [Hann's] family indicated to trial counsel that they were not sure if they wanted to pay for an appeal or whether [Hann] would just serve his sentence. [Hann] and his family never paid a fee to Attorney Rominger for the filing of an appeal, as made clear by [Hann's] own testimony.

[Hann] bears the burden of demonstrating that he requested an appeal. [Hann's] failure and his family's failure to pay any money towards an appeal is strong circumstantial

evidence against a showing of an affirmative request for appeal. The initial fee agreement and the fact that [Hann's] family was informed of the cost of appeal put [Hann] on notice that representation by trial counsel did not automatically carry over to an appeal, as a new fee agreement was required for representation on appeal. While trial counsel informed the Court during the sentencing hearing that he was intending on filing an appeal, it was clearly subject to a request by [Hann] or [Hann's] family pursuant to his discussion with [Hann's] family directly after the sentencing hearing where trial counsel told [Hann's] family they needed to let him know if they wanted to file an appeal. [Hann] and his family never made such a request.

As discussed earlier, we find [Hann's] testimony relating to his conversations with Attorney Rominger relating to the filing of an appeal to be incredible. Even if we were to believe [Hann's] testimony, his interaction with Attorney Rominger after the bail and restitution hearing did not amount to a request to file an appeal. While it may suggest the mere possibility of filing an appeal, the testimony does not indicate that [Hann] actually requested Attorney Rominger to proceed with the filing of an appeal.

It is [Hann's] burden to establish that he actually requested trial counsel to file an appeal. In light of the evidence before the Court, including testimony taken at the PCRA hearing, [Hann] has failed to meet his burden. Attorney Rominger's decision not to file an appeal to the Superior Court was justified as he was not requested to do so. Therefore, [Hann's] ineffective assistance of counsel claim based on trial counsel's failure to file an appeal must fail.

PCRA Court Opinion, 4/28/2014, at 4–7.

In light of the conflicting testimony presented at the PCRA hearing, we apply the following legal maxim. "The PCRA court's credibility determinations are binding on this Court, where the record supports those determinations." ***Widgins, supra***, 29 A.3d at 820 (citation omitted). ***See also Commonwealth v. Dennis***, 17 A.3d 297, 305 (Pa. 2011) (appellate

courts are required to give great deference to a PCRA court's credibility determinations, and if supported by the record, the determinations are binding on a reviewing court). Our review confirms that the PCRA court's findings and determinations are supported by the record and, therefore, we must accept them. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/17/2015