J-S32022-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PHILIP TRIVIGNO | |
| Appellant | No. 3277 EDA 2016 |

Appeal from the PCRA Order Dated September 29, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0100861-1996

BEFORE:  GANTMAN, P.J., STABILE, and FITZGERALD,[*] JJ.

MEMORANDUM BY STABILE, J.:                    **FILED JULY 18, 2017**

Appellant Philip Trivigno *pro se* appeals from the September 29, 2016 order of the Court of Common Pleas of Philadelphia County ("PCRA court"), which dismissed as untimely his serial petitions for collateral relief under the Post Conviction Relief Act (the "PCRA"), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

The facts and procedural history of this case are undisputed.[1]  Briefly, on December 19, 1995, Appellant shot and killed Frank Varano and injured his wife, Cheryl Varano.  On January 29, 2003, Appellant was sentenced to

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Unless otherwise specified, these facts come from our July 25, 2013 memorandum affirming the dismissal on timeliness grounds of Appellant's first PCRA petition.  ***See Commonwealth v. Trivigno***, No. 3131 EDA 2011, unpublished memorandum, at 1-3 (Pa. Super. filed July 25, 2013).

life imprisonment following his jury convictions for first degree murder, aggravated assault, and possession of an instrument of crime. Appellant did not file a direct appeal, and thus, his judgment of sentence became final on February 28, 2003. On October 14, 2014, more than a decade later, Appellant *pro se* filed the instant, his second, PCRA petition. Appellant thereafter filed four supplemental PCRA petitions: November 20, 2014, December 8, 2015, December 29, 2015 and July 26, 2016. In addition to raising a **Brady**[2] violation and various trial errors, Appellant claims that he recently discovered that a witness to the murder who was believed to be deceased at the time of the trial is actually alive. On September 29, 2016, following a Pa.R.Crim.P. 907 notice, the PCRA court dismissed as untimely Appellant's serial PCRA petitions. Appellant timely appealed to this Court.[3]

On appeal,[4] Appellant raises four issues for our review:

> [I.] Was the PCRA court unreasonable, as a matter of federal law, to find no **Brady** violations by government exclusions of the primary defense witness' testimony making clear, another is the actual shooter—to thereby time-bar all relief, by reasoning instead—to find this witness named Trivigno to be the shooter?
>
> [II.] Was the PCRA court's merits ruling contrary to earlier federal law: by holding Trivigno to its heightened standard of

---

[2] **Brady v. Maryland**, 373 U.S. 83, 83 S. Ct. 1194 (1963).

[3] The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) statement of matters complained of on appeal.

[4] "On appeal from the denial of PCRA relief, our standard of review requires us to determine whether the ruling of the PCRA court is supported by the record and free of legal error." **Commonwealth v. Widgins**, 29 A.3d 816, 819 (Pa. Super. 2011).

evidence—to reject his *in limine* proffer sworn affidavit offer of proof, regarding excluded **Brady** material testimony?

[III.] Was the opinion's merits ruling contrary to federal law, and the doctrine of estoppel; if the record shows prosecutorial fraud on the trial court, by requiring Trivigno to show due diligence, by suspecting this was fraud?

[IV.] Was the opinion's merits ruling contrary to federal law; and the doctrine of estoppel, where this record details government frauds on the trial court?

Appellant's Brief at vii (unnecessary capitalization omitted) (sic). After careful review of the record and the relevant case law, we conclude that the PCRA court accurately and thoroughly addressed the untimeliness of Appellant's petition. **See** PCRA Court Opinion, 11/2/16, at 3-8. Accordingly, we affirm the PCRA court's September 29, 2016 order. We further direct that a copy of the PCRA court's November 2, 2016 opinion be attached to any future filings in this case.

Order affirmed.

Justice Fitzgerald joins this memorandum.

President Judge Gantman concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/18/2017

- 3 -

COURT OF COMMON PLEAS OF PHILADLEPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

FILED

COMMONWEALTH OF
PENNSYLVANIA

CP-51-CR-0100861-1996 Comm. v. Trivigno, Philip
Memorandum Opinion

v.

PHILIP TRIVIGNO

7520178091

NOV X 2 2016

Criminal Appeals Unit
First Judicial District of PA

CP-51-CR-0100861-1996

3277 EDA 2016

OPINION

LEON W. TUCKER, J.

This appeal comes before the Superior Court following the dismissal of the Post-Conviction

Relief Act Petition filed on October 14, 2014.[1] On September 29, 2016, the lower court[2]

dismissed the PCRA petition for the reasons set forth below.

## I.  PROCEDURAL HISTORY

Following a jury trial before the Honorable Eugene H. Clark, Jr., Petitioner Philip Trivigno

(hereafter "Petitioner") was convicted of first degree murder, aggravated assault, and possession

of an instrument of crime on September 27, 1996. On October 1, 1996, after concluding the

penalty phase of the trial, the jury recommended a sentence of death be imposed on Petitioner,

which Judge Clark formally imposed on March 19, 1998. Petitioner filed a timely notice of

appeal to the Pennsylvania Supreme Court on April 27, 1998, and on March 24, 2000, the

---

[1] Including amended petitions filed November 20, 2014; December 8, 2015; December 29, 2015; and July 26, 2016.
[2] The Honorable Leon W. Tucker issued the order and opinion in this matter in his capacity as Supervising Judge of the Criminal Section of the Court of Common Pleas of Philadelphia – Trial Division, as of March 7, 2016, as the trial judge is no longer sitting.

1

gl

Pennsylvania Supreme Court reversed the trial court, and granted him a new penalty phase. The Honorable Renee Cardwell Hughes presided over the second penalty phase, and on January 29, 2003, imposed a sentence of life imprisonment upon Petitioner.

Petitioner filed a writ of *habeas corpus* in the Eastern District of Pennsylvania on January 6, 2004, which was denied on April 14, 2005. On February 11, 2009, Petitioner filed his first *pro se* petition for collateral relief under the Post-Conviction Relief Act (hereafter "PCRA"). Counsel was appointed, and filed an amended petition on May 6, 2010. The Honorable Carolyn Engel Temin presided over the PCRA hearing, and on October 21, 2011, formally dismissed the petition. Petitioner appealed Judge Temin's dismissal to the Superior Court of Pennsylvania, which affirmed the trial court on July 25, 2013. The Supreme Court of Pennsylvania denied *allocatur* on December 31, 2013.

On October 14, 2014 Petitioner filed the instant petition, his second, which this court dismissed as untimely without exception on September 29, 2016.[3] Petitioner timely filed a notice of appeal to the Pennsylvania Superior Court on October 12, 2016. This court did not order a concise statement of matters complained of pursuant to Pa.R.A.P. 1925(b).

## II.     FACTUAL BACKGROUND

On December 9, 1995, Petitioner engaged in an altercation with the victim, Frank Varano, with whom he had a longstanding history of hostility. Petitioner drew his gun and shot Mr. Varano in the wrist and arm. Mr. Varano ran back to his vehicle, in which his wife Cheryl, was waiting in the front passenger seat. After opening the door and collapsing into the driver's seat, Mr. Varano became unconscious. Petitioner approached the passenger side door, and shot

---

[3] The order was issued more than twenty days after Petitioner was served with notice of the forthcoming dismissal of his Post-Conviction Relief Act petition. Pa.R.Crim.P. 907.

2

gl

through the open window at Cheryl Varano. The bullet passed through her arm and grazed her skull. Petitioner then reached across Cheryl Varano and shot an unconscious Frank Varano in the head, killing him.

## III.   DISCUSSION

Petitioner's second petition and amended petitions are untimely without exception and this court accordingly dismissed them. Under the Post-Conviction Relief Act, codified at 42 Pa. Cons. Stat. §§ 9541-9546, a petitioner must prove by a preponderance of the evidence that his allegations of error have not been previously litigated or waived in order to be eligible for relief. 42 Pa. Cons. Stat. § 9543(a)(3). All PCRA petitions – even a second or subsequent petition – must ordinarily be filed within one year of the date the underlying judgment becomes final. *Id.* § 9545(b)(1). A judgement is deemed final "at the conclusion of discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." *Id.* § 9545(b)(3).

Petitioner's conviction became final in 1998, at the expiration of his time to seek direct review. Therefore, his petition filed October 14, 2014, including his amended petitions, are untimely under Section § 9545(b)(1) by fourteen years, and this court lacks jurisdiction to address the merits. *Commonwealth v. Lawson*, 90 A.3d 1 (Pa. Super. 2014).

However, a court may address an untimely petition if the Petitioner successfully pleads and proves one of the three narrow exceptions to the mandatory time bar under 42 Pa. Cons. Stat. § 9545(b)(1)(i)-(iii).[4] In addition to pleading the exception and satisfying the burden of proof, a

---

[4] 42 Pa. Cons. Stat. § 9545(b)(1) reads in full: "(i) The failure to litigate a claim was the result of government interference; (ii) the facts upon which the claim is predicated were not known to the petitioner and could have been ascertained in the exercise of due diligence; or (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States

3

gl

Petitioner must raise the exception within sixty days of the date the claim could have been presented. *Id.* § 9545(b)(2). Outside of these narrow exceptions, Pennsylvania courts have no jurisdiction to address the substantive merits of an untimely petition. *Commonwealth v. Robinson*, 837 A.2d 1157 (Pa. 2003); *Commonwealth v. Gamboa-Taylor*, 753 A.2d 780 (Pa. 2000).

## I. Petitioner does not meet the standard for relief under the after-discovered evidence exception to timeliness.

Under Section 9543 of the PCRA, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence resulted from one or more of the circumstances enumerated in subsection 9543(a)(2). 42 Pa. Cons. Stat. §9543(a)(2); *Commonwealth v. Koehler*, 36 A.3d 121, 131-132 (Pa. 2012). At issue in the instant PCRA petition is whether Petitioner has met his burden of showing that his conviction resulted from the "unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial had it been introduced." *Id.* § 9543(a)(2)(iv).

To prove that he is entitled to relief under the after-discovered evidence exception to timeliness, a petitioner must establish that: (1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict. *Commonwealth v. Smith*, 17 A.3d 873, 887 (Pa. 2011); *Commonwealth v. Pagan*, 950 A.2d 270, 292 (Pa. 2008). The test is conjunctive; a petitioner must show by a preponderance of the evidence that each of these factors has been met in order for a new trial to be warranted. *Commonwealth v. Padillas*, 997 A.2d 356, 363 (Pa. Super. 2010).

---

or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively."

4

Moreover, a petitioner asserting such a claim must establish that he has taken reasonable steps to protect his own interests, and explain why he could not have obtained the alleged new facts earlier to demonstrate due diligence. *Commonwealth v. Monaco*, 996 A.2d 1076, 1080 (Pa. Super. 2010). Finally, the evidence offered must be producible and admissible. *Commonwealth v. Castro*, 93 A.3d 818, 825 (Pa. 2014). A claim based upon inadmissible hearsay does not satisfy the "new facts" exception. *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1269 (Pa. 2008), *cert. denied*, 555 U.S. 916 (2008).[5]

In his October 2014 petition, November 2014 amended petition and September 2016 response to this court's 907 Notice,[6] Petitioner claims a witness to the murder who died by the time of trial is not actually dead. Specifically, Petitioner asserts the Commonwealth defrauded the trial court into believing that Mr. Roberto Morales was deceased. In support of this claim, Petitioner offers an unverified printout from a website, peoplefinders.com, stating that Petitioner's last known address is the same as the one provided to the trial court, and that the website does not possess a death certificate for Mr. Morales.

Petitioner's claim fails as a matter of law for three reasons. First, Petitioner neglects to disclose what led him to believe that Mr. Morales was still alive.[7] This court is thus unable to determine whether Petitioner is bringing his claim within sixty days of learning of this alleged

---

[5] In *Abu-Jamal*, the Pennsylvania Supreme Court held that a petitioner's presentation of a fellow inmate's affidavit stating that a Commonwealth witness at the petitioner's trial perjured himself did not implicate the "new facts" exception under 42 Pa. Cons. Stat. §9545(b)(1)(ii) as the claim is predicated entirely on inadmissible hearsay. The Court further explained that the possibility of information does not by itself constitute a "fact" or "evidence." *Abu-Jamal*, 941 A.2d at 1269.
[6] This court issued a notice of intent to dismiss the Petitioner's PCRA petition pursuant to Pa.R.Crim.P. 907 ("907 Notice") on September 8, 2016.
[7] Petitioner also fails to provide this court with definitive proof that Mr. Morales is in fact alive, or in the alternative, an affidavit from a witness demonstrating personal knowledge that Roberto Morales was not deceased at the time of trial.

5

gl

information as required by 42 Pa. Cons. Stat. §9545(b)(2). Additionally, Petitioner does not elaborate on what due diligence he has followed, and why this information could not have been brought forth sooner. See *Smith*, 17 A.3d at 887. Lastly, Petitioner's "evidence" is a print out from a website, the contents of which are offered for their truth. This constitutes hearsay, which does not satisfy the new facts exception. See *Abu-Jamal*, 941 A.2d at 1269.

Because Petitioner's proffered evidence does not meet the standard for relief under the after-discovered evidence exception to timeliness,[8] Petitioner's second filing is untimely without exception and this court has no jurisdiction to reach the merits of the claims.

## II. Petitioner does not meet the standard for relief under *Brady v. Maryland*, 373 U.S. 83 (1963).

In his December 2015 petitions,[9] Petitioner reiterated his previous claim about Roberto Morales not being deceased. Petitioner also claimed that during trial, various Commonwealth witnesses against him couldn't agree on the color of the getaway car, stating that this information qualifies as a violation of his rights under *Brady v. Maryland*, 373 U.S. 83 (1963). Petitioner is mistaken.

In *Brady*, the United States Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment irrespective of the good faith or bad faith of the prosecution." *Id.* at 87. When bringing forth alleged *Brady* information, a petitioner must adhere to the sixty-day requirement for new facts or information under 42 Pa. Cons. Stat. § 9545(b)(2).

---

[8] Because Petitioner's claims involve a witness from his trial, and because Petitioner fails to demonstrate to this court why his present claims could not have been raised earlier with due diligence, this court notes that his claims about Roberto Morales are also waived pursuant to 42 Pa. Cons. Stat. § 9544(b).

[9] Petitioner's December 29, 2015 petition is a copy of his December 8, 2015 petition; thus the petitions are addressed collectively.

6

gl

The Morales claim does not qualify as Brady information for three reasons. First, Petitioner fails to establish that Mr. Morales was not, in fact, deceased. Thus, he does not point to any specific piece of evidence that was withheld by the prosecution, but instead, makes an unsubstantiated general allegation of misconduct. Second, Petitioner does not state when he came to learn that Mr. Morales was not deceased, and this court is unable to determine whether he is properly bringing this claim within sixty days as required by 42 Pa. Cons. Stat. § 9545(b)(2). Finally, *Brady* applies only to evidence favorable to a defendant; Mr. Morales' statement to detectives was read into the record during Petitioner's trial, and in his statement, Mr. Morales names Petitioner as the shooter. In no way is such evidence favorable.

With regard to the conflicting witness testimony, the testimony was elicited at trial, and the witnesses were subject to cross-examination by Petitioner's trial attorney. There can be no *Brady* violation when the information at issue was disclosed by the prosecution.

Thus, *Brady* is wholly inapplicable to Petitioner's claims, and he is without recourse.

## III. Petitioner's claims of trial errors are waived.

In addition to establishing timeliness or an exception thereto, a petitioner must demonstrate by a preponderance of the evidence that the allegations of error he presents are not waived in order to be eligible for relief. 42 Pa. Cons. Stat. § 9543(a)(3). An issue is waived if a petitioner could have raised the issue but failed to do so at pre-trial, trial, unitary review, on appeal, or in a prior state post-conviction proceeding. *Id.* § 9544(b). Furthermore, a petitioner must present the claim within sixty days of the date that the claim could have been presented. *Id.* § 9545(b)(2).

In his July 2016 petition, Petitioner's claim centers on what he terms "conflicting" witnesses testimony from his trial. Namely, Petitioner takes issue with the inability of trial

7

gl

witnesses to agree on the color of the shooter's getaway car and the exact lettering of the license plate. However, as these claims arise directly from his trial in 1996 Petitioner had ample time to address these issues in the twenty years since his trial, including in his prior petition for collateral relief and his direct appeal. As Petitioner failed to do so, these claims are waived. See 42 Pa. Cons. Stat. § 9544(b).[10] This court will not address these issues further.

## IV.   CONCLUSION

Once more, this court has evaluated Petitioner's meritless filing, and determined the claims contained therein to be untimely without exception. For the foregoing reasons, this court's dismissal of Petitioner's second, untimely PCRA petition should be affirmed.

BY THE COURT:

**LEON W. TUCKER, J.**

---

[10] 42 Pa. Cons. Stat. §9544(b) reads in full: "An issue is waived if a petitioner could have raised the issue but failed to do so at pre-trial, trial, unitary review, on appeal, or in a prior post-conviction proceeding."

8

gl