J-S71024-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DARRYL ALLEN | : | |
| | : | |
| Appellant | : | No. 434 EDA 2018 |

Appeal from the PCRA Order January 4, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0002310-2016

BEFORE:  PANELLA, J., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY DUBOW, J.:                **FILED DECEMBER 24, 2018**

Appellant, Darryl Allen, appeals from the January 4, 2018 Order dismissing his first Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

The relevant facts and procedural history are as follows.  On November 6, 2015, Appellant and Terrell Cooper had a heated argument over a conflict that had occurred the previous day.  Appellant then walked to a parked car down the street and crouched behind it.  He drew a gun, fired two bullets at Cooper, and fled the scene.

The Commonwealth charged Appellant with Aggravated Assault, Possession of a Firearm by a Prohibited Person ("VUFA 6105"), Firearms Not to be Carried Without a License ("VUFA 6106"), Carrying a Firearm on a Public Street in Philadelphia ("VUFA 6108"), Possession of an Instrument of Crime ("PIC"), Simple Assault, and Reckless Endangerment of Another Person

("REAP").[1]  Appellant requested a bifurcated trial.  On March 2, 2017, a jury convicted Appellant of VUFA 6106 and VUFA 6108, and the court convicted Appellant of VUFA 6105.

The court deferred sentencing for the preparation of Pre-Sentence Investigation ("PSI") and mental health reports.

On May 17, 2017, the court sentenced Appellant to 5- to 10 years' incarceration for his VUFA 6105 and no further penalty on the remaining convictions.[2]

On May 25, 2017, Appellant filed a Motion for Reconsideration of Sentence, claiming that the court erroneously applied an offense gravity score of 10, instead of 9.  On June 9, 2017, held a hearing on Appellant's Motion, after which it resentenced Appellant to the same 5 to 10-year sentence of imprisonment on the VUFA 6105 conviction.  It also vacated the no further penalty sentence on the VUFA 6106 conviction, and imposed an additional, concurrent sentence of 5 to 10 years' on that conviction.

Relevant to the instant appeal, at the conclusion of this hearing, the court asked Appellant if he knew whether he intended to take an appeal, to which he responded "No, ma'am."  N.T., 6/9/17, at 12.  The court then

---

[1] 18 Pa.C.S. §§ 2702(a); 6105(a)(1); 6106(a)(1); 6108; 907(a); 2701(a); 2705, respectivelt.

[2] At the sentencing hearing, Appellant also entered a guilty plea to Possession with Intent to Deliver at Docket No. CP-51-CR-0006756.  The court consolidated Appellant's drug case with the instant case for sentencing purposes and sentenced him to 1 to 2 years' incarceration for the drug conviction, to run concurrently with the sentence in the instant case.

instructed Appellant to let his privately-retained counsel know if he changed his mind and wished to file an appeal, so that the court could appoint appellate counsel. *Id.* at 12-13. Appellant indicated that he understood the court's direction. *Id.* at 13.

Four days later, on June 13, 2017, the court vacated Appellant's 5 to 10-year sentence on the VUFA 6106 conviction, and reimposed no further penalty on that conviction. Appellant did not file a Post-Sentence Motion or a direct appeal from his Judgment of Sentence.

On August 11, 2017, Appellant filed a timely *pro se* PCRA Petition, claiming that his trial counsel rendered ineffective assistance by failing to timely file a direct appeal from his Judgment of Sentence. *See* Petition, 8/11/17, at 4. The PCRA court appointed counsel who filed an Amended Petition claiming that Appellant's trial counsel was ineffective for failing to consult fully with Appellant about whether Appellant wished to file an appeal from his Judgment of Sentence, and seeking the reinstatement of Appellant's direct appeal rights *nunc pro tunc*. *See* Amended Petition, 11/29/17.

On December 19, 2017, the PCRA court held an evidentiary hearing at which Appellant's trial counsel testified. In particular, he testified that he consulted with Appellant after the May 17 and June 9, 2017 sentencing hearings about the advantages and disadvantages of filing an appeal, and Appellant had stated that he did not want to appeal. *See* N.T., 12/19/17, at 9, 12, 16-19. He further testified that Appellant did not contact him after his

sentencing hearings to ask him to file an appeal. *Id.* at 19. Appellant did not testify at the hearing.

On January 4, 2018, the PCRA court denied Appellant's request for *nunc pro tunc* reinstatement of his direct appeal rights, and dismissed his Petition. This timely appeal followed.[3]

Appellant raises the following issue on appeal:

> Did the [PRCA] court err in denying PCRA relief where prior counsel was ineffective for failing to consult fully with [Appellant] about taking an appeal and in failing to preserve all post-sentence and appellate rights absent a knowing, intelligent, and voluntary waiver of those rights?

Appellant's Brief at 2.

The principles that guide our review are as follows:

> On appeal from the denial of PCRA relief, our standard of review requires us to determine whether the ruling of the PCRA court is supported by the record and free of legal error. **Commonwealth v. Washington**, 592 Pa. 698, 927 A.2d 586, 593-94 (2007). To be eligible for relief based on a claim of ineffective assistance of counsel, a PCRA petitioner must demonstrate by a preponderance of the evidence that (1) the underlying claim is of arguable merit; (2) no reasonable basis existed for counsel's action or omission; and (3) there is a reasonable probability that the result of the proceeding would have been different absent such error. **Commonwealth v. Steele**, 599 Pa. 341, 961 A.2d 786, 796 (2008).

**Commonwealth v. Widgins**, 29 A.3d 816, 819 (Pa. Super. 2011).

It is well settled that the "failure to file a requested direct appeal is ineffective assistance of counsel *per se* and that an appellant need not show that he likely would have succeeded on appeal in order to meet the prejudice

---

[3] The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) Statement.

prong of the test for ineffectiveness. ***Commonwealth v. Bath***, 907 A.2d 619, 622 (Pa. Super. 2006). However, "before a court will find ineffectiveness of counsel for failing to file a direct appeal, the defendant must prove that he requested an appeal and that counsel disregarded that request." ***Id.*** (citation omitted).

Here, Appellant did not testify at his PCRA hearing that he asked his counsel to file an appeal, and he concedes that he did not ask trial counsel to file a direct appeal. Relying on the United States Supreme Court decision, ***Roe v. Flores-Ortega***, 528 U.S. 470 (2000), however, he claims that counsel's consultation with him about filing an appeal was deficient, and resulted in his unintelligent and unknowing waiver of his appeal rights. Appellant's Brief at 3-8.

In ***Flores-Ortega***, the United States Supreme Court held counsel has a constitutionally imposed duty to consult with a defendant when there is reason to think a rational defendant would want to appeal or that the particular defendant reasonably demonstrated to counsel he was interested in appealing. ***Id.*** at 480. A petitioner must demonstrate a reasonable probability that, but for counsel's deficient failure to consult with him about appeal, he would have timely appealed. ***Id.*** at 484. Counsel is not required to file an appeal that a defendant does not request. ***Commonwealth v. Markowitz***, 32 A.3d 706, 716 (Pa. Super. 2011).

In order to be eligible for relief under *Flores-Ortega*, a defendant must show that he had "not clearly articulated his wishes regarding an appeal." *Commonwealth v. Donaghy*, 33 A.3d 12, 15 (Pa. Super. 2011).

Here, the evidence of record, namely Appellant's trial counsel's unrebutted testimony, indicates that counsel consulted with Appellant about the advantages and disadvantages of taking an appeal, and that Appellant clearly told counsel he did not want to appeal. N.T., 12/19/17, at 17. Moreover, at his May 17, 2017 sentencing hearing, the court informed Appellant that he had 10 days to file a post-sentence motion and 30 days to file a notice of appeal. It also informed him that, if he wanted to challenge his sentence or the weight of the evidence, he must preserve those issues in a post-sentence motion. N.T., 5/17/17, at 44-45. Following this hearing, Appellant's girlfriend contacted counsel and requested that he file a Post-Sentence Motion, which counsel did.

Following the June 9, 2017 hearing on Appellant's Post-Sentence Motion, the court resentenced Appellant and informed Appellant that he must let his counsel know if he wished to appeal from his Judgment of Sentence. N.T., 6/9/17, at 13. Appellant indicated that he understood this instruction and that he "did not want to pursue anything any further." *Id.* at 12-13, 18-19. Appellant did not make further contact with his counsel. N.T., 12/19/17, at 18-19.

The PCRA court credited counsel's testimony and determined that Appellant "explicitly indicated that he did not wish to file a Notice of Appeal."

PCRA Ct. Op., 1/17/18, at 7.  We are bound by the PCRA court's credibility determinations where they are supported by the record.  ***See Widgins***, ***supra***, 29 A.3d at 820.  ***See also Commonwealth v. Dennis***, 17 A.3d 297, 305 (Pa. 2011) (PCRA court's credibility determinations, if supported by the record, are binding on a reviewing court).  Our review confirms that the PCRA court's findings and determinations are supported by the record, and therefore, we must accept them.  Accordingly, Appellant is not entitled to relief.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/24/18