J-S17011-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERIC D. HANCOCK | : | |
| | : | |
| Appellant | : | No. 1465 WDA 2022 |

Appeal from the PCRA Order Entered November 23, 2022
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0012895-2007

BEFORE:  LAZARUS, J., OLSON, J., and KING, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED: July 10, 2023**

Eric D. Hancock appeals *pro se* from the order, entered in the Court of Common Pleas of Allegheny County, dismissing without a hearing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After our review, we affirm.

This Court previously set forth a brief recitation of the facts and recent procedural history of this case:

> [I]n 2007, when [Hancock] was 16 years old, he robbed the A&E Deli in Carrick Borough and shot the store clerk in the chest, killing him.  [Following a non-jury trial before the Honorable Jeffrey A. Manning, Hancock was found] guilty of Second-Degree Murder, Robbery, Possession of a Firearm by a Minor, and Carrying a Firearm Without a License.  On July 3, 2008, [Judge Manning] sentenced [Hancock], in relevant part, to life imprisonment without parole ("LWOP") on the Second-Degree Murder conviction.  This Court affirmed the Judgment of Sentence, and the Pennsylvania Supreme Court denied allowance of appeal. ***Commonwealth v. Hancock***, 984 A.2d 1013 (Pa. Super.

2009) (unpublished memorandum), appeal denied, 996 A.2d 491 (Pa. 2010). On March 22, 2016, [Hancock] filed a [PCRA p]etition [] asserting that his LWOP sentence was unconstitutional under **Miller** [**v. Alabama**, 567 U.S. 460 (2012)[1]], and **Montgomery** [**v. Louisiana**, 577 U.S. 190 (2016)]. The PCRA court granted relief, vacated [Hancock's] sentence, and scheduled the case for resentencing.

At the resentencing hearing, [Judge Manning] heard expert testimony[, presented by Hancock,] from psychologist Samuel K. Schachner, Ph.D., victim impact testimony, and [Hancock's] allocution. After reviewing Dr. Schachner's report, the sentencing court acknowledged, "that [Hancock], as he stands here, is a different man than he was when he was sentenced, and perhaps a different man [than] he was when he committed the crime." N.T. Resentencing, 3/21/18, at 23. Nevertheless, the court stated that it must also consider the severity of the crime and the victim impact statement, and ultimately concluded that [a] sentence of 40 years to life was required for the protection of the public.

**Commonwealth v. Hancock**, 851 WDA 2018 (Pa. Super. filed July 9, 2019) (unpublished memorandum decision).

Hancock filed a post-sentence motion, which was denied, and on appeal to this Court he challenged the legality of his sentence. Hancock argued the sentencing court did not articulate, on the record, how it considered each of the individualized factors set forth in **Miller**, **supra**, and **Commonwealth v. Batts**, 163 A.3d 410, 458 (Pa. 2017) (**Batts II**).[2] This Court affirmed, finding

_____

[1] **Miller** held that mandatory sentences of life without parole for juvenile offenders violate the Eighth Amendment.

[2] **Batts** was abrogated by **Jones v. Mississippi**, 141 S.Ct. 1307 (2021), which held that for purposes of Eighth Amendment, the state's discretionary sentencing system is constitutionally sufficient.

no manifest abuse of discretion in the court's imposition of a new sentence of 40 years to life for second-degree murder.[3] **See Hancock**, **supra** at 6. On December 4, 2019, our Supreme Court denied allowance of appeal. **Commonwealth v. Hancock**, 221 A.3d 648 (Pa. 2019) (Table).

On July 9, 2020, Hancock filed a timely *pro se* PCRA petition, which was later stayed on December 6, 2021. On May 17, 2022, Hancock filed a *pro se* motion to proceed *pro se* and a motion for leave to file a supplemental petition. On May 23, 2022, Hancock filed a *pro se* supplemental PCRA petition and memorandum of law. On June 28, 2022, Hancock appeared before the Honorable Alexander P. Bicket, represented by counsel, and, following a colloquy, the court granted Hancock's motion to proceed *pro se* and granted counsel leave to withdraw. The court ordered the Commonwealth to file a response to Hancock's *pro se* supplemental PCRA petition and, on August 24, 2022, the court issued notice of intent to dismiss pursuant to Pa.R.Crim.P. 907.

On November 23, 2022, the court dismissed Hancock's petition. This appeal followed. Both the PCRA court and Hancock have complied with Pa.R.A.P. 1925. Hancock raises the following issues:

1. Whether the PCRA court committed an error of law by failing to deem resentencing counsel (Ryan H. James, Esq.) ineffective, or at the very least hold an evidentiary hearing, for his failure to object and/or raise on direct review that the resentencing court not only committed a reversible error of law, but also

---

[3] Judge Manning imposed no further penalty on the remaining counts.

- 3 -

> violated Hancock's procedural and substantive due process rights for failing to provide adequate reasons on the record at the time of sentencing for the sentence imposed?
>
> 2. Whether the PCRA court committed an error of law by failing to deem Hancock's 40-years-to-life sentence illegal and/or unconstitutional for the lack of statutory authorization that exists for said sentence.

Appellant's Brief, at 2.

This Court's standard of review regarding an order dismissing a PCRA petition is whether the determination of the PCRA court is supported by evidence of record and is free of legal error. **Commonwealth v. Burkett**, 5 A.3d 1260, 1267 (Pa. Super. 2010) (citations omitted).  In evaluating a PCRA court's decision, our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. **Id.** The PCRA court's credibility determinations are binding on this Court where the record supports those determinations. **Commonwealth v. Widgins**, 29 A.3d 816, 820 (Pa. Super. 2011).

Here, Hancock claims that trial counsel provided ineffective assistance by failing to object to the sentencing court's failure "to place on the record at the time of sentencing, adequate reasons for the judgment of sentence imposed." Appellant's Brief, at 9. **See** 42 Pa.C.S.A. § 9721(b) ("In every case in which the court imposes a sentence for a felony or misdemeanor, modifies a sentence, resentences an offender following revocation of probation, county intermediate punishment or State intermediate punishment[,] or resentences

- 4 -

following remand, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed."); Pa.R.Crim.P. 704(C)(2) ("The judge shall state on the record the reasons for the sentence imposed.").

> It is well-settled that counsel is presumed to have been effective and that the petitioner bears the burden of proving counsel's alleged ineffectiveness. To overcome this presumption, a petitioner must establish that: (1) the underlying substantive claim has arguable merit; (2) counsel did not have a reasonable basis for his or her act or omission; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance, that is, a reasonable probability that but for counsel's act or omission, the outcome of the proceeding would have been different. A PCRA petitioner must address each of these prongs on appeal. A petitioner's failure to satisfy any prong of this test is fatal to the claim.

*Commonwealth v. Wholaver*, 177 A.3d 136, 144 (Pa. 2018) (citations and quotations omitted).

With respect to Hancock's underlying claim, we conclude that he has raised substantial questions meriting our review. *See Commonwealth v. Proctor,* 156 A.3d 261, 273 (Pa. Super. 2017) (substantial question raised where appellant argues sentencing court failed to set forth adequate reasons for sentence imposed).

Our standard of review for challenges to the discretionary aspects of sentencing is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge. The standard employed when reviewing the discretionary aspects of sentencing is very narrow. We may reverse only if the sentencing court abused its discretion or committed an error of law. A sentence will not be disturbed on

- 5 -

appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. We must accord the sentencing court's decision great weight because it was in the best position to review the defendant's character, defiance or indifference, and the overall effect and nature of the crime.

*Commonwealth v. Rosario*, 248 A.3d 599, 613 (Pa. Super. 2021) (citation omitted).

After our review, we conclude that Hancock's claim is meritless. Judge Manning held a two-day resentencing hearing, heard testimony as outlined above, and articulated, on the record, his reasons for imposing Hancock's sentence. As this Court previously observed: "Although the [sentencing] court shared its opinion of, and disagreement with, precedential case law requiring consideration of [Hancock's] current maturation as a factor in fashioning a new sentence, the court ultimately recognized that it must consider both the crime [Hancock] committed and the person he is today." *Commonwealth v. Hancock*, 851 WDA 2018, at *6, citing N.T. Resentencing Hearing, 3/21/18, at 15-16, 22-23. Judge Manning stated:

The [c]ourt has carefully considered this matter. Early on, in this proceeding, the [c]ourt challenged defense counsel on the issue of whether or not [Hancock] was to be sentenced for the crime he committed or for the person he is today. And [defense counsel] answered that both, and, I believe, legally, he is correct on the law, and that is the [c]ourt must consider both. I find it less than comfortable to consider the person that he is today, based upon the fact that we have centuries of law that deals with the concept of punishment for commission[] of crimes. . . . While the [c]ourt has developed that concept and used that to make changes in

- 6 -

what would otherwise be the death penalty i[m]position, the bottom line here is that it would appear to me that []Hancock, as he stands here, is a different man when he was sentenced than he was when he committed the crime. **The [c]ourt must always look back at the severity of the crime, and as you pointed out, I did say that it was willful and deliberate, and the question was[,] was the homicide premeditated. Well, we all know that the law says that premeditation can occur in an instant, and clearly it did here**.

*Id.* at 21-23 (emphasis added). Because we find these reasons adequate, we conclude there was no manifest abuse of discretion and, thus, Hancock's sentencing claim is meritless. ***See Rosario***, ***supra***. Consequently, Hancock's claim of ineffectiveness fails. ***Wholaver***, ***supra***.

Next, Hancock argues that his sentence of 40 years to life is "illegal and without statutory authority." Appellant's Brief, at 21. He claims that the plain language of 18 Pa.C.S.A. § 1102.1 makes it clear that "only those juveniles convicted after June 24, 2012, are to be sentenced/resentenced under those guidelines." Appellant's Brief, at 16. Hancock was convicted in 2008. He claims, therefore, that section 1102.1 is inapplicable to him.

Hancock's claim challenges the legality of his sentence. Challenges to the legality of a sentence present pure questions of law. Our standard of review, therefore, is *de novo* and our scope of review is plenary. ***Commonwealth v. Rodriquez***, 174 A.3d 1130, 1147 (Pa. Super. 2017) (citations omitted).

On June 24, 2012, the Supreme Court of the United States issued ***Miller***. Thereafter, our General Assembly enacted section 1102.1 and made it retroactive for juveniles convicted of first or second-degree murder after June 24, 2012. **Moreover, our General Assembly amended section 1102 to clarify that it does not**

**apply to juveniles convicted of first or second-degree murder after June 24, 2012. Section 1102, therefore, applies to adults convicted of first or second-degree murder and juveniles convicted of first or second-degree murder prior to June 25, 2012.**

*Commonwealth v. Olds*, 192 A.3d 1188, 1193-94 (Pa. Super. 2018) (emphasis added).

Here, Hancock was convicted in 2008, prior to the effective date of 18 Pa.C.S.A. § 1102.1 (which sets forth the mandatory minimum and maximum sentences for juveniles convicted of first and second-degree murder).[4] Hancock is correct that section 1102.1 is inapplicable to him. However, because his conviction occurred "prior to June 25, 2012," *see Olds*, *supra*, the court had "statutory authorization" when it sentenced him to a maximum of life in prison pursuant to section 1102(b).[5] Indeed, in *Olds*, "**we reaffirm[ed] that trial courts must sentence juveniles convicted of**

_____

[4] 18 Pa.C.S.A. § 1102.1 provides, in relevant part:

(c) Second degree murder.—**A person who has been convicted *after June 24, 2012*, of a murder of the second degree** . . . **and who was under the age of 18 at the time of the commission of the offense** shall be sentenced as follows:

(1) a person who at the time of the commission of the offense was 15 years of age or older shall be sentenced to **a term of imprisonment the minimum of which shall be at least 30 years to life**.

18 Pa.C.S.A. § 1102.1(c)(1) (emphasis added).

[5] 18 Pa.C.S.A. § 1102(b) provides: "Except as provided under section 1102.1, a person who has been convicted of murder of the second degree . . . shall be sentenced to a term of life imprisonment."

**second-degree murder prior to June 25, 2012[,] to a maximum term of life imprisonment under section 1102(b)**." *Id.* at 1198 (emphasis added). We held "that such mandatory maximums do not violate the Eighth Amendment's ban on cruel and unusual punishment." *Id. See Commonwealth v. Derrickson*, 242 A.3d 667 (Pa. Super. 2020) (when resentencing defendant who was convicted of second-degree murder as juvenile prior to *Miller v. Alabama*, *supra*, post-conviction court had valid statutory authority to sentence defendant to 30 years to life imprisonment; constitutionally permissible to impose minimum term-of-years sentence and maximum sentence of life imprisonment under section 1102(b), thus exposing juvenile to parole eligibility upon expiration of minimum sentence). *See also Commonwealth v. Summers*, 245 A.3d 686 (Pa. Super. 2021) (in resentencing defendant for second-degree murder he committed as 17-year-old juvenile, sentencing court required to apply traditional sentencing considerations under Sentencing Code, rather than sentencing factors set forth in *Miller* and codified in Sentencing Code, where Commonwealth did not request LWOP sentence). Accordingly, we reject Hancock's argument that no statutory authority exists for his sentence of 40 years' to life imprisonment. *See Derrickson*, *supra* (rejecting argument that there is no statutory basis for sentencing juvenile convicted of second-degree murder committed prior to *Miller*).

The PCRA court's determination is supported by evidence of record and is free of legal error. *Burkett*, *supra*. Accordingly, we affirm.

Order affirmed.

King, J., Joins the Memorandum.

Olson, J., Concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/10/2023