J-S62030-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HERBERT J. WILLIAMS | |
| Appellant | No. 380 MDA 2017 |

Appeal from the PCRA Order January 31, 2017
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0004045-2013

BEFORE:  STABILE, J., MOULTON, J., and STRASSBURGER, J.[*]

MEMORANDUM BY MOULTON, J.:                    **FILED DECEMBER 15, 2017**

Herbert J. Williams appeals from the January 31, 2017 order of the Luzerne County Court of Common Pleas dismissing his first petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46.  On appeal, counsel has filed a ***Turner/Finley***[1] brief and a petition to withdraw as counsel. We affirm and grant counsel's petition to withdraw.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] On appeal, counsel filed a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and a petition to withdraw as counsel.  While counsel should have filed a no-merit letter pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*), "an ***Anders*** brief provides greater protection to a defendant[.  Therefore,] this Court may accept an ***Anders*** brief in lieu of a ***Turner/Finley*** letter." ***Commonwealth v. Widgins***, 29 A.3d 816, 817 n.2 (Pa.Super. 2011). We will refer to the brief as a ***Turner/Finley*** brief.

On June 16, 2014, Williams pled guilty to possession with intent to deliver, 35 P.S. § 780-113(a)(30). On August 8, 2014, the trial court sentenced Williams to 5 to 10 years' incarceration. Williams did not appeal from his judgment of sentence. On July 19, 2016, Williams filed, *pro se*, his first PCRA petition. Following appointment of counsel, on January 31, 2017, the PCRA court held a hearing on Williams' petition. That same day, the PCRA court dismissed Williams' petition. Williams filed a timely notice of appeal.

Before we may address the merits of Williams' appeal, we must determine whether his PCRA counsel has satisfied the requirements for withdrawal under **Turner**/**Finley**. Counsel must "file a 'no-merit' letter detailing the nature and extent of his review and list each issue the petitioner wishes to have examined, explaining why those issues are meritless." **Commonwealth v. Rykard**, 55 A.3d 1177, 1184 (Pa.Super. 2012). Counsel also must serve copies of the petition to withdraw and no-merit letter on the petitioner and advise the petitioner that he has the right to proceed *pro se* or with privately retained counsel. **See Commonwealth v. Widgins**, 29 A.3d 816, 818 (Pa.Super. 2011).

In his petition to withdraw, PCRA counsel states that upon review of the record, he "concludes that this appeal is wholly frivolous and that no meritorious issues exist." Pet. to Withdraw, 7/24/17, ¶ 3. PCRA counsel also mailed a copy of the petition and brief to Williams and informed him that, if he wished to continue the appeal, Williams could retain private counsel or proceed *pro se*. **See** Ltr. to Williams, 7/24/17. Further, counsel's

***Turner*/*Finley*** brief filed with this Court explained why the issue raised in the PCRA petition lacked merit.  Williams has not filed a *pro se* response to PCRA counsel's petition to withdraw.  We conclude that PCRA counsel has complied with the dictates of ***Turner*/*Finley***.  Therefore, we will address the issue raised in the ***Turner*/*Finley*** brief.

PCRA counsel raises the following issue in his ***Turner*/*Finley*** brief: "Whether [Williams'] PCRA [petition] was filed [o]n a timely basis and whether the decision issued in ***Alleyne v. United States***[, 570 U.S. 99 (2013)] renders [Williams'] sentence unconstitutional." ***Turner*/*Finley*** Br. at 1.

Our review of an order denying PCRA relief is limited to determining "whether the decision of the PCRA court is supported by the evidence of record and is free of legal error." ***Commonwealth v. Melendez–Negron***, 123 A.3d 1087, 1090 (Pa.Super. 2015).  We will not disturb the PCRA court's factual findings "unless there is no support for [those] findings in the certified record." ***Id.***

We must first determine whether Williams' PCRA petition is timely.  A PCRA petition "shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1).  A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

The trial court sentenced Williams on August 8, 2014. Williams did not file a direct appeal. Therefore, his judgment of sentence became final 30 days later, on September 8, 2014. *See* Pa.R.A.P. 903 (providing that notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken"). Williams had one year from that date, or until September 8, 2015, to file a timely PCRA petition. His current petition, filed on July 19, 2016, is therefore facially untimely.

To overcome the time bar, Williams was required to plead and prove one of the following exceptions: (i) unconstitutional interference by government officials; (ii) newly discovered facts that could not have been previously ascertained with due diligence; or (iii) a newly recognized constitutional right that has been held to apply retroactively. *See* 42 Pa.C.S. § 9545(b)(1)(i)-(iii). To invoke one of these exceptions, Williams must have filed his petition within 60 days of the date the claim could have been presented. *See* 42 Pa.C.S. § 9545(b)(2).

Williams attempts to invoke the new constitutional right exception based on *Alleyne*. The United States Supreme Court decided *Alleyne* on June 17, 2013. The trial court sentenced Williams on August 8, 2014. Thus, the constitutional right announced by the *Alleyne* Court was recognized **prior** to his sentencing. Accordingly, Williams may not invoke the new constitutional right exception as an exception to the PCRA time bar.

Accordingly, we conclude that Williams has failed to prove an exception to the PCRA time bar. Therefore, the PCRA court did not err in dismissing Williams' PCRA petition as untimely.

Order affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/15/2017