J-S85041-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| BRYAN MICHAEL MORRISON | |
| Appellant | No. 1292 WDA 2017 |

Appeal from the PCRA Order Entered July 19, 2017
In the Court of Common Pleas of Venango County
Criminal Division at No.: CP-61-CR-0000351-2010

BEFORE: BOWES, PANELLA, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                    FILED APRIL 19, 2018

Appellant Bryan Michael Morrison, pro se, appeals from the July 19, 2017 order entered in the Court of Common Pleas of Venango County ("PCRA court"), which denied his "Motion for Credit for Time Served." Upon review, we affirm.

The facts and procedural history underlying this case are undisputed. Briefly, after being convicted of burglary and several counts of robbery, Appellant was sentenced to an aggregate of eight to sixteen years' imprisonment on January 28, 2011. Appellant did not file a direct appeal. Appellant, however, timely filed his first petition under Post Conviction Relief Act (the "PCRA"), 42 Pa.C.S.A. §§ 9541-46. The PCRA court appointed counsel, who filed an amended petition arguing that Appellant was entitled to a credit of 246 days for the time he spent in Venango County Prison. On

December 12, 2014, the PCRA court denied him PCRA relief. Appellant did not appeal the denial of PCRA relief.

On July 19, 2017, Appellant pro se filed a "Motion for Credit for Time Served," wherein he once again sought credit for time served. The court denied him relief. Appellant pro se timely appealed to this Court.

On appeal,[1] Appellant argues only that the trial court erred in failing to credit him for the time he served in Venango County Prison. Before we may address the merits of Appellant's claim, we must point out that his "Motion for Credit for Time Served" must be construed as his second PCRA petition. It is settled that the PCRA is intended to be the sole means of achieving post-conviction relief. See Commonwealth v. Taylor, 65 A.3d 462, 465 (Pa. Super. 2013). Thus, even though a petition for time credit challenges the legality of the sentence, it is cognizable under the PCRA. See Commonwealth v. Davis, 852 A.2d 392, 399-400 (Pa. Super. 2004), appeal denied, 868 A.2d 1197 (Pa. 2005). Accordingly, Appellant's "Motion for Credit for Time Served" was his second petition for PCRA relief.

With the foregoing in mind, we now must determine whether the PCRA court had jurisdiction over Appellant's second PCRA petition.

_____

[1] "On appeal from the denial of PCRA relief, our standard of review requires us to determine whether the ruling of the PCRA court is supported by the record and free of legal error." Commonwealth v. Widgins, 29 A.3d 816, 819 (Pa. Super. 2011).

The PCRA contains the following restrictions governing the timeliness of any PCRA petition.

(b) Time for filing petition.--

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

42 Pa.C.S.A. § 9545(b). Section 9545's timeliness provisions are jurisdictional. Commonwealth v. Ali, 86 A.3d 173, 177 (Pa. 2014). Additionally, we have emphasized repeatedly that "the PCRA confers no authority upon this Court to fashion ad hoc equitable exceptions to the PCRA

time-bar in addition to those exceptions expressly delineated in the Act." Commonwealth v. Robinson, 837 A.2d 1157, 1161 (Pa. 2003) (citations omitted).

Here, the record reflects Appellant's judgment of sentence became final on February 27, 2011. See 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a). Because Appellant had one year from February 27, 2011, to file his PCRA petition, the current filing is facially untimely given it was filed on July 17, 2017.

The one-year time limitation, however, can be overcome if a petitioner alleges and proves one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii) of the PCRA. Here, Appellant has failed to allege, let alone prove, any exceptions to the one-year time bar. Accordingly, the PCRA court did not have jurisdiction to entertain Appellant's "Motion for Credit for Time Served," his second PCRA petition, on the merits. We likewise lack jurisdiction to consider the merits, if any, of the petition.

Order Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/19/2018