J-S22014-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RASHEEN STURGIS | : | |
| | : | |
| Appellant | : | No. 196 MDA 2021 |

Appeal from the PCRA Order Entered January 11, 2021
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s):  CP-41-CR-0000563-2017

BEFORE:   PANELLA, P.J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PANELLA, P.J.:                **FILED OCTOBER 01, 2021**

Rasheen Sturgis appeals from an order denying relief under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541–9546. Sturgis asserts that his trial counsel was ineffective for failing to timely file a motion to suppress evidence and for failing to raise in a motion *nunc pro tunc* that an investigatory detention violated his rights. PCRA counsel has filed an ***Anders***[1] brief in which she concludes there are no non-frivolous issues to raise on appeal, finding Sturgis's PCRA petition was untimely filed and does not fall under an exception

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] ***Anders v. California***, 386 U.S. 738 (1967).

to the PCRA time-bar.[2] As we find counsel's attempt to withdraw is deficient, we instruct counsel to correct those deficiencies, discussed in more detail below, before we may address this appeal on its merits.

On January 29, 2019, after a bench trial, Sturgis was found guilty of possession with intent to deliver a controlled substance, possession of a controlled substance, and possession of drug paraphernalia.[3] On April 2, 2019, the trial court sentenced Sturgis to thirty-three months' to fifteen years' incarceration. Sturgis did not file any post-sentence motions or a direct appeal.

Over one year later,[4] on July 10, 2020, Sturgis filed a *pro se* PCRA petition alleging that trial counsel was ineffective for failing to file a timely

_____

[2] We note that PCRA counsel mistakenly labeled her brief an **Anders** brief. **Anders** applies only when counsel seeks to withdraw from representation on direct appeal. When counsel seeks to withdraw from representation on collateral appeal, as here, **Turner** and **Finley** apply. **See Commonwealth v. Widgins**, 29 A.3d 816, 817 n.2 (Pa. Super. 2011) (citing **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*)). On its own, counsel's mistake is not fatal to an application to withdraw, as we have held that "because an **Anders** brief provides greater protection to a defendant, this Court may accept an **Anders** brief in lieu of a **Turner/Finley** letter." **Id**. (citation omitted). Therefore, our practice in these situations is to accept counsel's **Anders** brief and evaluate whether it substantially satisfies **Turner/Finley** criteria. **See id**. at 819.

[3] The court acquitted Sturgis of a charge of criminal use of a communication facility.

[4] We believe that Sturgis's PCRA petition may have been untimely, in which case we would be constrained to affirm the PCRA court's order denying him relief. However, due to counsel's deficient attempt to withdraw, we have insufficient information upon which to base a conclusion at this time.

suppression motion. Counsel was appointed and filed an amended petition on September 9, 2020. The PCRA court issued notice pursuant to Pa.R.Crim.P. 907 of its intent to dismiss the petition without a hearing due to the petition being untimely. On January 11, 2021, the PCRA court entered an order dismissing the petition.

On February 5, 2021, PCRA counsel filed a timely notice of appeal. In lieu of a concise statement, counsel later filed a statement of intent to file an *Anders* brief pursuant to Pa.R.A.P. 1925(c)(4). PCRA counsel then filed an *Anders* brief in this Court, discussing the timeliness of the petition and the ineffectiveness claim. Before any substantive analysis, we must examine whether PCRA counsel has met the procedural requirements for withdrawing as counsel.

> Where, as here, counsel for a PCRA appellant files an *Anders* brief and an application to withdraw, we first examine whether counsel's brief substantially complies with *Turner/Finley* standards. A *Turner/Finley* brief must: (1) detail the nature and extent of counsel's review of the case; (2) list each issue the petitioner wishes to have reviewed; and (3) explain counsel's reasoning for concluding that the petitioner's issues are meritless. Substantial compliance with these requirements is sufficient.
>
> …
>
> Next, PCRA counsel must send a copy of her brief to the PCRA appellant, along with a copy of her petition to withdraw, and inform him of his right to proceed *pro se* or to retain new counsel. In conjunction with counsel's request to withdraw, it is important to inform the PCRA appellant of his right to proceed *pro se* and raise additional points for our review before this Court examines counsel's request to withdraw and the merits of the case. Although a party may not typically proceed *pro se* while represented by counsel, there is an exception if appellate counsel has filed a

> *Turner/Finley* brief, because that filing signifies that the PCRA appellant is effectively without counsel. Where an appellant has not been apprised of his right to proceed *pro se* following the filing of a *Turner/Finley* brief, the notice is defective.

*Commonwealth v. Gordon*, 237 A.3d 492 (Pa. Super. 2020) (citations omitted).

Here, counsel substantially complied with the brief requirements. Her brief reflects she reviewed the record, listed the issue Sturgis wanted reviewed (trial counsel's alleged ineffectiveness), and explained why it was meritless.

However, while counsel filed an *Anders* brief concluding there are no non-frivolous issues to raise on appeal, counsel did not file a contemporaneous application to withdraw from representation, and by extension of that failure, did not attach to that application the letter advising Sturgis of his rights. *See Commonwealth v. Millisock*, 873 A.2d 748, 752 (Pa. Super. 2005). It therefore appears counsel failed to provide proper notice to Sturgis of his rights going forward. The record is devoid of any indication that PCRA counsel sent a copy of her brief to Sturgis or that she sent him a letter advising him of his right to proceed *pro se* or retain new counsel and raise any additional points that he deemed worthy of this Court's attention.

Accordingly, we direct counsel to either file an advocate's brief or a petition to withdraw that meets the requirements pursuant to *Turner/Finley* within 15 days. If counsel elects to file a petition to withdraw, she must also comply with the notice requirements of *Millisock,* and file proof thereof with this Court. Namely, counsel must attach to the petition a copy of a letter sent

to Sturgis, fully advising him of his immediate right, either *pro se* or with privately retained counsel, to file a brief on any additional points he deems worthy of review, and advise Sturgis that he may respond, within 30 days of counsel's letter, to counsel's brief, if he so chooses. The Commonwealth will then have 30 days to file a responsive brief.

PCRA counsel to file an application to withdraw within fifteen (15) days of the date this memorandum is filed and provide notice pursuant to **Turner/Finley**. Appellant may respond to the application within thirty (30) days of the date of the letter notifying him of the application to withdraw. In the alternative, PCRA counsel may file an advocate's brief within fifteen (15) days of the date of this memorandum. In either event, the Commonwealth will be permitted to file a response to such filings, by either PCRA counsel or Appellant, within thirty (30) days of the date they are filed in this Court. Panel jurisdiction retained.