J-S32020-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JIMEL KING | : | |
| | : | |
| Appellant | : | No. 1891 EDA 2023 |

Appeal from the PCRA Order Entered June 22, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at No:  CP-51-CR-0007769-2015

BEFORE:  LAZARUS, P.J., STABILE, J., and KING, J.

MEMORANDUM BY STABILE, J.:                    **FILED NOVEMBER 15, 2024**

Appellant, Jimel King, appeals from an order dismissing his petition for relief under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546, without a hearing.  We affirm.

On June 17, 2015, Appellant became enraged at the victim, Arielle Banks, because she stopped answering his phone calls.  After encountering her on the street, he fired a gun at her over a dozen times while she attempted to flee, striking her in the foot, lower back, and hip.  Appellant was convicted of, *inter alia*, attempted murder, conspiracy, and a firearms violation.  He was sentenced to an aggregate term of thirty-five to seventy years of imprisonment followed by five years of probation.  The term of imprisonment included an enhanced penalty under 18 Pa.C.S.A. § 1102(c) for an attempted murder from which serious bodily injury results.

On appeal, this Court vacated the firearms conviction but otherwise affirmed. Appellant sought allowance of appeal, which was granted. Appellant argued that his due process rights were violated because, despite being well aware of the fact, he had not received formal notice that he was subject to a Section 1102(c) enhancement in the bills of information. The Pennsylvania Supreme Court agreed but determined that the error was harmless beyond a reasonable doubt. ***Commonwealth v. King***, 234 A.3d 549, 563-66 (Pa. 2020). The Court remanded however, for resentencing on the ground that Appellant should not have received separate penalties for attempted murder and conspiracy. ***Id.*** at 568-72.

On remand, Appellant was resentenced to an aggregate term of twenty-seven and a half to fifty-five years of imprisonment. He filed a post-sentence motion, which was denied. He did not file a second direct appeal.

Appellant filed a timely PCRA petition raising seven claims of error. The court appointed new counsel to represent Appellant, and counsel filed a no merit letter on October 24, 2022. The PCRA court issued a notice of intent to dismiss Appellant's petition under Pa.R.Crim.P. 907. Appellant filed a response alleging that PCRA counsel had failed to communicate with him. He also supplemented his claims of error by adding some details, including an averment that trial counsel had been ineffective for failing to provide notice of an alibi defense. The court ordered PCRA counsel to prepare an amended "No Merit Letter, or amended PCRA Petition if warranted." PCRA Court Order, 12/12/22.

On May 26, 2023, PCRA counsel filed a revised no merit letter, which he also sent to Appellant, explaining that he had spoken with Appellant and repeatedly written to him requesting information on potential alibi witnesses without receiving a reply. Counsel further alleged that, after reviewing the docket sheet, all relevant transcripts, and the trial and appellate court opinions, he concluded that the claims raised in Appellant's petition had no merit. Counsel explained why he had reached that conclusion with respect to each claim. He also noted that he had explored other potential claims but to no avail. He informed Appellant that he was seeking to withdraw as counsel and that, if the request was granted, Appellant would be free to retain new counsel or proceed *pro se*. The PCRA court issued a second Rule 907 notice, attaching counsel's revised no merit letter.

On June 7, 2023, Appellant filed a 1½ page response to the second Rule 907 notice arguing that he had, in fact, replied to PCRA counsel's request for information. He admitted, however, that his prospective alibi witness was dead. He also reattached his prior filings but raised no additional claims.

On June 22, 2023, the PCRA court dismissed Appellant's petition before receiving Appellant's June 7, 2023, response. On July 11, 2023, Appellant filed a *pro se* notice of appeal. On July 13, 2023, the PCRA court vacated its order of dismissal in order to consider Appellant's June 7, 2023, response. On September 11, 2023, having reviewed this response, the PCRA court again entered an order dismissing Appellant's petition.

On December 20, 2023, after receiving responses from the parties and trial court to an order to show cause from this Court, we vacated the PCRA court's July 13, 2023 and September 11, 2023 orders as legal nullities because they had been entered after Appellant filed his *pro se* notice of appeal. Rule of Appellate Procedure 1701(a) provides, subject to exceptions not relevant here, that a lower court cannot proceed further in the matter once an appeal is taken. Accordingly, by order dated December 20, 2023, we directed that this matter would proceed before us as of July 11, 2023, the date of the *pro se* notice of appeal.

On February 20, 2024, without directing Appellant to file a Pa.R.A.P. 1925 statement, the PCRA court entered a memorandum opinion explaining its reasons for dismissing Appellant's petition.

We first address counsel's application to withdraw. In order for PCRA counsel to withdraw under ***Turner***/***Finley***:[1]

(1) PCRA counsel must file a no-merit letter that details the nature and extent of counsel's review of the record; lists the appellate issues; and explains why those issues are meritless.

(2) PCRA counsel must file an application to withdraw; serve the PCRA petitioner with the application and the no-merit letter; and advise the petitioner that if the Court grants the motion to withdraw, the petitioner can proceed *pro se* or hire his own lawyer.

_____

[1] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988).

- 4 -

(3) This Court must independently review the record and agree that the appeal is meritless.

***Commonwealth v. Widgins***, 29 A.3d 816, 817-18 (Pa. Super. 2011).

Here, PCRA counsel substantially complied with the above requirements. On May 26, 2023, counsel filed a revised no-merit letter that detailed his review of the record, listed a series of issues and explained why the issues were meritless. The revised no-merit letter also included counsel's request to withdraw from the case and stated that if the court granted counsel leave to withdraw, Appellant could proceed *pro se* or hire his own attorney. The end of the letter stated that Appellant was "cc'd," indicating that counsel served Appellant with the letter. The record demonstrates that Appellant received the letter, since Appellant filed a response to the letter on June 7, 2023.

Having concluded that counsel substantially complied with ***Turner***/***Finley***, we will conduct an independent review of the record to determine whether the present appeal is meritless.

Appellant raises the following issues in this appeal:

1. DID THE PCRA COURT ERR DENYING PCRA PETITION WITHOUT ALLOWING PETITION TO [BE] AMENDED?

2. DID PCRA COURT ERR DENYING PCRA PETITION WITHOUT ADDRESSING OTHER PCRA ISSUES?

3. DID PCRA COURT ERR ALLOWING PCRA COUNSEL TO WITHDRAW WITHOUT AMENDING PCRA PETITION?

Appellant's Brief at iv.

Appellant argues that the PCRA court erred by denying his petition without allowing him to amend it. We disagree. In October 2022, PCRA counsel filed a no merit letter, and the PCRA court issued a notice of intent to dismiss Appellant's petition without a hearing. When Appellant objected to the notice of intent, the PCRA court ordered counsel to conduct further review. Counsel prepared a revised no merit letter explaining, *inter alia*, that Appellant failed to supply him with any useful information with respect to a potential alibi. The PCRA court issued a second notice of intent to dismiss Appellant's petition. Although Appellant objected to the revised no merit letter, Appellant raised no new claims. Instead, he admitted that his sole prospective alibi witness was dead. Accordingly, no further proceedings were necessary.

Appellant cites Pa.R.Crim.P. 905(a), which provides that a "judge may grant leave to amend or withdraw a petition for post-conviction relief at any time." Pa.R.Crim.P. 905(a). That language confirms, however, that the decision whether to allow amendment is subject to the court's discretion. ***Commonwealth v. Keaton***, 45 A.3d 1050, 1059 n.3 (Pa. 2012). Although amendments are freely allowed to achieve substantial justice, Appellant had no absolute right to amend his petition, as he seems to suggest. Here, Appellant presented no valid ground for amending his petition, since his response to the revised no merit letter failed to raise any new claims and admitted that his sole possible alibi witness was dead.

Next, Appellant argues that the PCRA court's June 22, 2023, order of dismissal was premature, because the court dismissed his petition before becoming aware of his June 7, 2023 response to the May 30, 2023 notice of intent to dismiss. This claim does not warrant relief. Consideration of the June 7, 2023 response would not have changed the outcome in this case, because (1) Appellant did not raise new claims in this response and (2) Appellant effectively conceded that his claim of ineffective assistance due to counsel's alleged failure to raise an alibi defense was meritless because his sole prospective alibi witness was dead.

Finally, Appellant contends that the PCRA dismissed his petition without addressing issues other than his alibi claim. We disagree. The PCRA court's May 30, 2023, notice stated that it intended to dismiss the petition for the reasons cited by counsel in his revised **Finley** letter, which the court attached. Counsel's letter discussed Appellant's other claims. *See Commonwealth v. Ousley*, 21 A.3d 1238, 1246 (Pa. Super. 2011) (notice of intent to dismiss stating that petition would be dismissed "for the reasons discussed in counsel's no-merit letter" was adequate). Further, the PCRA court satisfactorily addressed all of Appellant's claims in its February 20, 2024, opinion. Finally, Appellant fails to explain in his brief how the court's discussion of any of these issues was erroneous.

For these reasons, we affirm the order dismissing Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>11/15/2024</u>